THOMAS HAYS and others *vs.* CHARLOTTE WRIGHT and others.

*Construction of a Will—Legacy not to Lapse by reason of the death of the Legatee in the life-time of the Testator.*

J. H. by his will dated 19th January, 1867, after certain special legacies, bequeathed all "the rest and residue of his personal estate of every description, moneys, bonds, ❋ ❋ ❋ ❋ and all other personal property of every kind and description," to his wife. Mrs. H. died a short time before her husband, the testator. Among the assets of J. H. were certain U. S. bonds, which were not specifically bequeathed. Accompanying the bonds was a schedule of them, on which was an assignment of them to his wife by J. H. The validity of this assignment was disputed and a contest arose between the representatives of J. H. and those of his wife as to the ownership of the bonds. HELD :

1st. That if the assignment of the bonds was invalid they passed under the residuary clause of the will to the wife; and she, having died in the lifetime of the testator they passed at his death to her representatives. ( *Code, Art. 93, sec. 304.*)

2nd. That if the assignment were valid, and the bonds vested absolutely in the wife, on her death, intestate, they again became vested in her husband ; and would pass under the residuary clause of his will to her representatives.

3rd. That under the circumstances of this case, the execution of the assignment, did not manifest an intention to exclude the bonds from the operation of the will.

APPEAL from the Orphans' Court of Allegany County.

This was an appeal from an order of the Orphans' Court of Allegany County, directing the administrator *c. t. a.* of John Hays, deceased, after paying out of the funds in his hands, as shown by his third administration account, the costs of the proceeding in said Court, to distribute the residue equally between Charlotte Wright and Ann Seay,

wife of Charles A. Seay, as representatives of Ann M. Hays, to the exclusion of Thomas Hays and others, claiming said fund as the representatives of John Hays. The facts of the case are sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY and ROBINSON, J.

*Ferdinand Williams*, for the appellants.

This case differs from that of *Glenn vs. Belt*, 7 *G. & J.*, 366, in that the testator is heir-at-law of his legatee. The question as now presented was not considered or presented to the Court in that case. For there the heirs *in esse*, at the date of the testator's death, were the same persons, or the representatives of the same persons, who were the heirs at the date of the death of the legatee. There were not two sets of claimants. Here a strict construction of the *dicta* of the Court in that case, would affect not only what the Court intended to affect, but something more. It would affect the rights of the testator under the testamentary system of Maryland. We claim, therefore, that either the legacy lapsed and that this case is an exception to the general rule, or that if it did not lapse, a fair construction of the Act of 1810, ch. 34, will give the legacy to the representatives of the legatee *in esse*, at the date of the death of the testator, who are such representatives by virtue of the actual course of events as they transpired in this case, for John Hays did survive his wife, and under the law is next of kin, and counting through him the appellants are representatives of the legatee, for we claim that John Hays here stands in a double character—that of next of kin as well as that of testator. As testator, the Act of 1810 supposes him to die before his legatee, but that Act does not intend to divest him of his rights as next of kin.

The assignment passed the bonds to Mrs. Hays—for it specifically enumerates them. *Gardner vs. Merritt,* 32 *Md.*, 18. Now, if the property in the bonds passed to Mrs. Hays—the mere expectancy or possibility that Hays might survive her, and thus become entitled to the bonds again, would not be a subject of bequest, the Act of 1810, ch. 34, not enlarging the power of bequest. *Glenn vs. Belt,* 7 *G. & J.*, 366.

But even if the assignment was inoperative to pass the legal title in the bonds to Mrs. Hays—so that they remained the property of John Hays up to the time of his death, nevertheless the imperfect assignment would revoke the will *pro tanto,* and demonstrate the intention of the testator not to include the bonds in the will, and withdraws them from the effect and operation of the will. This we believe to be settled law. 1 *Red. on Wills,* (3rd Ed.,) 342 ; *Shore, et al. vs. Pincke,* 5 *Term Rep.*, 124 ; *Beard vs. Bede,* 3 *Atk.*, 72.

*William M. Price* and *William Brace, Jr.*, for the appellees.

The appellants cannot ask a decision in their favor unless they expect the Court to overrule the case of *Glenn vs. Belt,* 7 *G. & J.*, 362, because that case is conclusive of the question. See *Article* 93, *sec.* 304, *of the Code.*

If the assignment is ineffectual for any purpose then, of course, the case depends solely upon the question of the lapsing of the legacy. If the assignment passed to Mrs. Hays a complete ownership in the bonds, then, there being no issue, they reverted at her death to Mr. Hays; (Code, Art. 45, sec. 2,) and passed by his will to the appellees. 1 *Jarman on Wills,* 287, *mar.*

GRASON, J., delivered the opinion of the Court.

The controversy in this case grows out of the conflicting claims of the appellants, who are the representatives of John

Hays, and the appellees, who are the representatives of Ann M. Hays, to seven United States bonds, each for one thousand dollars. The record shows that John Hays made a schedule of these seven bonds, the number of each being given, as well as its value and date, and on the 14th March, 1867, executed an assignment thereon in the following words: "For value received I assign the within U. S. bonds to Ann Maria Hays;" signed "John Hays," and witnessed by S. J. Edwards. The bonds were in bank in a package, endorsed "$7000 5-20 bonds, the property of John Hays or Ann Maria Hays, deposited for safe-keeping." It further appears that John Hays collected the interest upon them down to the time of his death, although during several years of that time Ann Maria Hays kept a separate bank account, and that after his death these bonds were delivered to his executor without objection made by the appellees. John Hays made his will on the 19th January, 1867, by which, after some special bequests, he gave and bequeathed "all the rest and residue of his personal estate of every description, moneys, bonds, notes, judgments, evidences of debt, furniture and all other personal property of every kind and description," to his wife, the said Ann Maria Hays. Mrs. Hays died a short time before her husband, John Hays. The decision in *Glenn vs. Belt,* 7 *G. & J.,* 362, conclusively settles the question now before us.

Section 304 of Article 93 of the Code provides that no devise, legacy or bequest shall lapse or fail of taking effect by reason of the death of the devisee or legatee in the lifetime of the testator, but that any such devise, legacy or bequest shall have the same effect and operation in law as if such devisee or legatee had survived the testator. The Court of Appeals, in the case of *Glenn vs. Belt,* before referred to, have construed this section of the law, and they decided that the time of the transfer is the death of the testator, and that the persons to whom the transfer is made are those *in esse,* entitled by law to the distribution of the legatee's estate in case of intestacy; that is, his representa-

tives. If then the assignment of the bonds made by the husband to the wife in March, 1867, was not valid, it is clear that they passed under the residuary clause of his will to his wife, and she having died in the life-time of the testator, that at his death they would pass to her representatives, the appellees in this case. But even if the assignment was a valid one, and these bonds vested absolutely in Ann Maria Hays, at her death they again became vested in John Hays, her husband, under the provisions of the Code, and again became subject to the operation of the residuary clause of his will, and would pass thereunder in exactly the same manner as if they had been acquired by him by purchase or in any manner other than by inheriting them from his wife. But it has been contended that the testator, by executing the assignment to his wife, manifested his intention to exclude these bonds from the operation of his will. In this view we cannot concur. It is evident from all the circumstances surrounding the transaction and the parties, that it was John Hays' intention that his wife and her representatives should have these bonds. His will was made in January, 1867, by which *all* his bonds were bequeathed to her, and afterwards, in March of the same year, when he executed the assignment of the seven bonds he made no change in his will, still manifesting the intention that his wife should have all the property not specifically devised to others, and even after her death he still made no alteration in his will, thereby still showing his intention that her representatives should take what he had bequeathed to her. In the view we have taken of this case it is immaterial whether the assignment of the bonds to Ann Maria Hays was valid or invalid, and consequently it becomes unnecessary to notice the exceptions to evidence which are set out in the record.

The order of the Orphans' Court from which this appeal was taken will be affirmed.

*Order affirmed, and*
(Decided 22nd June, 1875.)          *cause remanded.*