MARY A. CARPENTER, RICHARD B. CARPENTER and others *vs.* GEORGE W. BOULDEN; and MARY E. BIDDLE and L. A. CAVENDER, Administrators of LAURA L. BIDDLE.

*Construction of a Will in respect to a Pecuniary legacy— Meaning of the word "Maturity" employed in a Will in respect to a Female legatee—Lawful age of a Female in respect to a Bequest of personalty—Article 93, sec. 142, of the Code—Vested legacy—When the word "Or" employed in a Will must be construed to mean "And."*

The will of Richard Biddle contained the following clause :

"*Item.* I furthermore give and bequeath to the aforesaid Laura L. Biddle, the sum of $2800, in cash, which sum is hereby directed to be placed at interest, according to the wise discretion of her guardian, and the interest arising therefrom, to be appropriated to the benefit and support of said Laura during her minority, and when at lawful age, the aforesaid sum of $2800 must be paid over to her in good faith. It is provided, however, that in the event of the death of the aforesaid Laura L. Biddle before maturity or without issue, then in such case the money thus bequeathed to her shall revert to the children of George R. Carpenter and Leonis, his wife." Laura died aged nineteen years and some days, intestate, and without issue, never having been married. HELD :

1st. That the testator by the word "*maturity*" meant the same thing as he had before expressed by the words "*lawful age,*" the time by him designated for the payment of the legacy; which lawful age under the provisions of sec. 142, of Art. 93 of the Code, is eighteen years.

2nd. That Laura Biddle having attained the age of eighteen years, the legacy became vested in her absolutely, and was not divested by her subsequent death without issue.

It has been settled by repeated decisions in this State, that in a devise or bequest of the kind in this case, in order to effectuate the general intent of the testator the word "*or*" must be construed to mean "*and,*" so that the limitation over cannot take effect, except upon the happening of both contingencies.

APPEAL from the Circuit Court for Cecil County, in Equity.

A bill of interpleader was filed by the appellee, George W. Boulden, against the administrators of Laura L. Biddle, deceased, a legatee under the will of Richard Biddle, deceased, and the legatees in remainder named in said will, for the purpose of having it determined as between said parties who were entitled to a money legacy bequeathed to said Laura by said will. The defendants answered. Testimony was taken under a commission which was returned, and with it was returned a statement of facts signed by the solicitors.

The Circuit Court, (WICKES, J.,) passed a *pro forma* order or decree directing the complainant to pay, or bring into Court to be paid, to the administrators of Laura Biddle, the amount of said legacy, less the commissions allowed him thereon as guardian of said Laura, with interest, &c. From this order or decree the present appeal was taken by the surviving legatees in remainder, two being infants and acting by guardian, and the husband of a deceased legatee. The case is further stated in the opinion of this Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT and MILLER, J., on behalf of the appellants, and submitted on behalf of the appellees.

*Henry W. Archer*, for the appellants.

In construing wills, words, except such as have a settled, technical meaning, must be given their natural and grammatical sense, unless the clear intention of the testator, as gathered from the whole will, require them to be given another. 1 *Redfield on Wills*, p. 471, &c., ch. 9, sec. 35, sub-secs. 2, 4, 9, 11; 1 *Jarman on Wills, London Ed.*, 1861, p. 472–9; *Cooke vs. Moorehouse*, 34 *Beav.*, 27;

*Barker vs. Young*, 33 *Beav.*, 353 ; *Gray vs. Parson*, 6 *H. L. Cases, N. S.*, 61 ; 12 *East*, 288 ; 6 *Exchq.*, 47.

"Or," in its natural and grammatical sense is disjunctive, and divides the clause "before maturity, or without issue" into two parts, each expressing a contingency, and on the happening of either, the limitation over becomes operative.

The second contingency, "death without issue," has confessedly happened, and the bequest over to the appellants should, according to the natural construction of the language used, take effect. It is sought by the appellees to prevent this on two grounds:

1st. By remodeling the contingent clause by changing the disjunctive conjuction "or" into the copulative conjunction "and," and thus requiring the appellees to show the happening of both contingencies.

2nd. By having the limitation over declared void, as being after an indefinite failure of issue.

As to the first ground, nothing will justify this change but the purpose of carrying out the intention of the testator, as collected from the whole will. In all the cases that can be cited as precedents for the change, this reason alone has induced it.

In all the cases where the change has been made, the first contingency has been " death before reaching twenty-one years," "death before another person," or similar expressions, and the Courts have been controlled in arriving at the intention of the testator, by the consideration that the first devisee might have issue and die before reaching twenty-one, or before the death of the other party, &c.; and if the bequest went over, wrong would be done to the issue of the first devisee ; and as the first devisee was always a child or near relative, and the ulterior devisee a stranger, they would not hold the testator to have meant this. Therefore they construed the disjunctive to be a copulative, and required the happening of both contingencies to carry the estate over.

But this reasoning does not apply in this case. The reasoning admits that it is the object of the testator to provide for the first devisee and her issue, if she should have any, and failing that, to provide for the ulterior devisees. That object is attained in this case by giving the natural and usual construction both to the conjunction "or" and the word "maturity," and not by perverting them.

Here the first contingency is "death before maturity," viz., in childhood. Of course she could have no children, and the bequest could justly go over. If she died after maturity, but without issue, the bequest should then go over to the testator's other grand-children as intended by him.

The phrase "before maturity" is very different from the phrase "before reaching twenty-one years of age." While the use of the latter may raise an inference of the testator having made a mistake in using "or" for "and," no such inference can be drawn from the use of the former, because if she had issue she would be mature.

The word mature, as applied to a young woman, means "fit to be married." (*See Webster's Unabridged Dictionary.*) Evidently it occurred to the mind of the testator that Laura might die in childhood, which event he designated by the phrase "death before maturity." It also evidently occurred to his mind that she might live to maturity, and yet die without issue, in either of which cases he desired his bounty to reach the ulterior devisees, who are his grand-children.

No injustice could be worked the issue of Laura Biddle in any event, by giving the words of this will their natural construction, because if she lived to a proper age, and had married and borne children, no one can doubt that she would have reached maturity within the meaning and intention of the testator, and the issue would have taken, she having fulfilled both branches of the contingency by reaching maturity and having issue. She having issue would be conclusive proof of her having reached maturity.

It has been shown that the issue of the first devisee cannot be disinherited, as it were, under a literal construction of this will, what other reason can be urged for disregarding its words? The representatives of the first devisee, other than the issue, are no favored class in these cases. The Courts have frequently changed the " *copulative* " into a "*disjunctive,*" in order to carry the devise over to ulterior devisees, against the claims of the representatives of the first devisee, when the intention of the testator as to that purpose was no more strongly apparent than in this case. *Janney vs. Sprigg*, 7 *Gill*, 187, *et seq.*

Indeed, this Court has refused to change the *disjunctive* to a *copulative*, even in favor of the issue of the first devisee. *Chew's Lessee vs. Weems*, 1 *H. & McH.*, 463.

*Alexander Evans*, for the appellees.

Laura L. Biddle died in her twentieth year. When she was eighteen, the twenty-eight hundred dollars bequeathed to her vested in her absolutely, and became her sole property, if they had not already become so by the payment of the executor, George R. Carpenter, to her guardian, and she cannot be divested of the money, unless fit and absolute words of deprivation, unmistakable in their import and meaning, can be shown by the appellants, and conjectural reasoning and speculation are not sufficient.

The word " maturity " was evidently only used to avoid the repetition of the words "during her minority," and "when at lawful age," which had just preceded.

If then the word "maturity " has reference to *age*, as it would clearly appear to have, it is manifest, that the word "or" *must* be read, "and;" and that the sentence, "before maturity or without issue," is to be read "before maturity and without issue," that is, "before eighteen years of age, and without issue," for otherwise she might have issue before "full age," or eighteen years of age and

yet die before that period of "maturity," or eighteen years of age had been reached; in which case her issue would have been entirely deprived of the benefit of the legacy of twenty-eight hundred dollars, which manifestly could not be the intention of the testator. *Raborg vs. Hammond*, 2 *H. & G.*, 53; *Soule vs. Gerrard, Croke, Eliz.*, 525; *Janney vs. Sprigg*, 7 *Gill*, 198, 202, 203, 205; *Doe vs. Rawlings*, 2 *Barn. & Ad.*, 441.

In *Jackson vs. Blanshan*, 6 *Johns.*, 54, Chief Justice KENT says: "In deeds and wills, the words 'or' and 'and,' are not always to be held to a strict grammatical sense, but 'or' is to be taken for 'and,' and 'and' is to be taken for 'or,' as may best conform with the intent and meaning of the devisee." See *Watkins vs. Sears*, 3 *Gill*, 496, *and Dallam vs. Dallam*, 7 *H. & J.*, 246, per DORSEY, J.

That for the purpose of carrying out the intention of the testator, as manifested in this will, "*or*" should, and indeed must be read "*and*," the appellees take to be a clear proposition.

That the word "*maturity*" has reference to "age," and to a legally prescribed and ascertainable age is thought quite as plain; and indeed the appellants have not attempted to adduce any authority to the contrary.

[The argument of counsel upon the question as to whether the limitation over was void, as being after an indefinite failure of issue, is omitted, inasmuch as the Court did not deem it necessary to express an opinion thereon. REP.]

BARTOL, C. J., delivered the opinion of the Court.

The decision of this appeal depends upon the true construction of the following clause of the will of Richard Biddle deceased:

"*Item.* I furthermore give and bequeath to the aforesaid Laura L. Biddle the sum of two thousand eight hundred dollars, in cash, which sum is hereby directed to be placed at interest, according to the wise discretion of

her guardian, and the interest arising therefrom, to be appropriated to the benefit and support of said Laura during her minority, and when at lawful age, the aforesaid sum of two thousand eight hundred dollars must be paid over to her in good faith. It is provided however that in the event of the death of the aforesaid Laura L. Biddle before maturity, or without issue, then in such case, the money thus bequeathed to her shall revert to the children of George R. Carpenter and Leonis his wife."

The will was executed on the 24th day of October 1861 and admitted to probate on the 11th day of February 1862.

It appears from the statement of facts signed by the solicitors that George W. Boulden, one of the appellees, was duly appointed guardian of Laura L. Biddle the legatee named in the will, and as such, received from the executor of the testator the whole amount of the legacy. Laura reached the age of 18 years on the 17th day of August 1869, and on the second day of November in the same year a settlement of accounts was made between her guardian and herself, and the balance then due from him was ascertained, which remained in his hands with the understanding and promise on his part, that it should be invested in a mortgage in the name and for the benefit of Laura L. Biddle. Laura died on the 22nd day of August 1870, aged 19 years and 5 days, intestate and without issue; never having been married.

The appellees Mary E. Biddle and L. A. Cavender, her administrators, now claim the money remaining in the hands of Boulden her former guardian. Which is also claimed by the appellants who are admitted to be the children of George R. Carpenter and Leonis his wife, the legatees in remainder named in the will.

By the terms of the will, the limitation over is to take effect in the event of Laura Biddle, the first devisee, dying "*before maturity or without issue.*"

The first question to be determined is the meaning of the words "before maturity." By the former part of the will, the testator directs that the legacy shall be placed at interest, according to the wise discretion of her guardian, and the interest arising therefrom, to be appropriated to the benefit and support of Laura *during her minority,* and then directs that the aforesaid sum of money "must be paid over to her in good faith when at lawful age." That is when she attained the age of *eighteen* years. The Code expressly provides that " where a bequest of personal property or money is made to a female, and directed by the will to be paid, on her attaining to full, mature, or to lawful age, such female shall be entitled to receive and demand such personal property or money on her arriving at the age of eighteen years, or being married." *Art.* 93, *sec.* 142.

It is clear that the testator by the word "*maturity,*" meant the same thing as he had before expressed by the words "*lawful age;*" the time designated for the payment of the legacy; which we have seen is the age of eighteen years.

Laura Biddle having attained that age, the legacy became vested in her absolutely, and was not divested by her subsequent death without issue.

It has been settled by repeated decisions in this State, that in a devise or bequest of this kind, in order to effectuate the general intent of the testator, the word "*or*" must be construed to mean "*and.*" So that the limitation over cannot take effect, except upon the happening of both contingencies. This construction is necessary to effect the intention of the testator to provide for the issue of the first taker in any event.

We refer to *Raborg vs. Hammond,* 2 *H. & G.*, 42, and *Neal vs. Cosden,* 34 *Md.*, 422.

This will was made before the passage of the Act of 1862, ch. 161, and the question arises, and has been

argued at the bar, whether the executory devise would not be void, as too remote, being limited generally upon the event of Laura *dying without issue.* It is not necessary to express any opinion upon this question, because we consider it .clear, upon the construction of the will, that Laura Biddle, on reaching the age of eighteen years, had the absolute estate and property in the legacy, which by her death has devolved on her personal representatives. The order of the Circuit Court will therefore be affirmed.

*Order affirmed.*

(Decided 1st March, 1878.)