CASSANDRA OLIVIA BUCK *vs.* OLIVER F. LANTZ, Trustee. CHARLES H. BEEBE, MARY E. BEEBE, and others *vs.* CASSANDRA OLIVIA BUCK.

*Contingent Remainders pass to the heirs at law and vest in them upon the happening of the Contingency—Contingent Remainders vest in the same way with or without the intervention of a trustee—Only persons in esse when contingency happens can take.*

By deed of trust dated Aug. 1, 1857, real and personal property were conveyed to a trustee, first in trust for the sole and separate use of the grantor during her life, and after her death for the sole and separate use of her daughter M., during her life, and after her death then in trust as to the remainder for such child or children of said M. as she might leave living at the time of her death; but if said M. should die without leaving any child or children or descendants surviving her, then in trust to convey the remainder absolutely to M. H., sister of the grantor. Shortly afterwards the grantor died, leaving said daughter and sister surviving, and then said M. H., sister of the grantor died, leaving said M., daughter of the grantor surviving. Shortly afterwards said M. died, unmarried and without issue, but leaving a last will and testament, whereby she devised and bequeathed all the property to which she might be entitled at the time of her death to her aunt, C. The heirs of said M. H., sister of the grantor, claimed the whole remainder as having vested in them upon the death of said M., daughter of the grantor, leaving no descendants. The said C. claimed that the limitation over of the remainder to M. H. was void, and that there was accordingly a resulting trust as to the undisposed remainder in favor of M., as the only surviving descendant of the grantor, which passed to said C. under the will of said M. HELD :

1st. That the limitation over of the remainder to M. H., after the death of M. without leaving descendants surviving her, was a contingent remainder, that this remainder passed, upon the death of said M. H., to her heirs, in whom it became vested upon the happening of the contingency, viz: the death of M. without leaving descendants surviving her.

2nd. That it made no difference, so far as the vesting of the estate in the heirs of M. H. was concerned, whether the legal estate was in trustees who were

required to convey and transfer according to the directions of the deed, or whether the interest was provided to take effect without the intervention of trustees.

3rd. That those only could take who were *in esse* at the time when the contingency happened and the estate fell in possession; that this did not occur until the death of M., and that she could not, therefore, be heir, or take or transmit any interest in the estate by will or otherwise.

APPEALS from the Circuit Court of Baltimore City.

Benjamin A. Buck and Margaret Buck, his wife, conveyed August 1st, 1857, to Samuel Elder, all the property which said Margaret had received from her father, in trust for the sole and separate use of said Margaret during her life, and after her death for the sole and separate use of her daughter, Margaret Buck, the younger, during her life, and after her death, then in trust as to the remainder for such child or children of said Margaret, the younger, as she might leave living at time of her death, such child or children and descendants to take *per stirpes* and not *per capita ;* but if said Margaret, the younger, should die without leaving lawful issue living at the time of her death, then in trust to convey the whole remainder to Mary Harwood, sister of Margaret Buck, the elder, absolutely.    After the death of said Samuel Elder, trustee, Oliver F. Lantz was duly appointed trustee in his stead. Shortly after the execution of the deed of trust, Benjamin A. Buck and Margaret Buck, his wife, both died, leaving their daughter, Margaret Buck, the younger, and Mary Harwood, sister of Margaret Buck, the elder, surviving them.    In 1860, said Mary Harwood died, leaving Margaret Buck, the younger, surviving her, and in 1875, said Margaret Buck, the younger, also died, unmarried and without issue, but leaving a last will and testament, whereby she devised and bequeathed all the property to which she might be entitled at the time of her death to her aunt, Cassandra Olivia Buck.    The heirs of said Mary

Harwood, to wit, the appellants, Charles H. Beebe, Esther McK. Harwood and others, claimed that the contingent remainder created by said deed of trust in favor of Mary Harwood, had vested in them upon the death of Margaret Buck, the younger, without descendants, and the said Cassandra Olivia Buck claimed that the limitation over of the remainder to said Mary Harwood was void, and that the whole remainder devolved upon her as the devisee of Margaret Buck, the younger, in whose favor as the only heir-at-law of said Benjamin A. Buck and Margaret, his wife, a resulting trust was created, the limitation over of the remainder to Mary Harwood being void. The trustee, Oliver F. Lantz, filed in the Circuit Court of Baltimore City his bill of complaint, stating the claims of the respective parties, and praying said Court to construe said deed of trust, and direct him in the execution thereof. It was held by the Court below, that the said limitation over to Mary Harwood, after the death of Margaret Buck, the younger, without descendants, was good, and upon the death of said Mary Harwood, devolved upon her heirs, and that upon the death of said Margaret Buck, the younger, without descendants, the contingent remainder was vested in the heirs of said Mary Harwood ; that Margaret Buck, the younger, as one of the heirs-at-law of Mary Harwood was entitled at the time of her death to a share of the property so vested in the heirs of said Mary Harwood, and that the devise of her said share to Cassandra Olivia Buck was good. From the decree of the Court ordering the trustee to convey to Cassandra Olivia Buck the share of said property to which said Margaret Buck, the younger, was entitled at the time of her death, these appeals were taken.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY and ROBINSON, J.

*James W. Denny*, for the heirs-at-law of Mary Harwood.

*Conway Robinson* and *Leigh Robinson*, for Cassandra Olivia Buck.

GRASON, J., delivered the opinion of the Court.

These are cross-appeals from a decree of the Circuit Court of Baltimore City, and involve the construction of a deed of trust executed by Benjamin A. Buck and Margaret, his wife, on the first day of August, 1857. The deed conveyed all the property which the said Margaret had received from her father, James Harwood, to Samuel Elder, in trust for the sole and separate use of said Margaret Buck during her natural life; and from and immediately after her death, then in trust as to the whole of said estate, property and effects and increase thereof, including any income or proceeds thereof that may remain in the hands of the trustee at the time of the death of said Margaret, for the sole and separate use, benefit and behoof of Margaret Buck, the daughter of said Benjamin A. and Margaret Buck, his wife, for and during her natural life, and from and immediately after her death, then in trust as to the whole of said property and the increase thereof, for such child or children of the said Margaret Buck, the younger, as she might leave living at the time of her death; such child or children and descendants to take *per stirpes* and not *per capita;* but if the said Margaret Buck, the younger, should depart this life, without leaving lawful issue living at the time of her death, then in trust to convey and transfer the whole of said trust property and the increase thereof, unto Mary Harwood, the sister of Margaret Buck, wife of Benjamin A. Buck, absolutely. Samuel Elder, the trustee, took possession of the trust property under said deed, and proceeded in the execution of the trust until his death in

1866, when Oliver F. Lantz was duly appointed trustee in his stead, and has continued to act as trustee ever since. Shortly after the execution of the deed, Benjamin A. Buck and his wife both died, leaving their daughter Margaret, their only child, and then an infant, surviving them. Mary Harwood, a sister of Margaret Buck, the grantor, also survived Benjamin A. Buck and his wife Margaret, but died in 1860, during the life-time of Margaret Buck, the younger, and Margaret Buck, the younger, died in 1875, unmarried and without issue, having first made her last will, which was duly admitted to probate, and by which she devised and bequeathed all the property, real and personal, to which she might be entitled at the time of her death, to her aunt, Cassandra Olivia Buck, the appellant. Upon this state of facts it is contended on behalf of Cassandra O. Buck that the estate conveyed by the deed to the trustee for the benefit of Mary Harwood was a contingent remainder, which could not vest until the death of Margaret Buck, the younger, without issue living at the time of her death, and as Mary Harwood had died during the life-time of Margaret Buck, the life tenant, it could never vest at all, and that the trustee held the estate in remainder, so granted to him, as a resulting trust for the benefit of the grantors, and they being dead, for the use of Margaret Buck, the younger, their only child and heir-at-law, and after her death for the use of her devisee, Cassandra O. Buck, the appellant, who, it is contended, is now entitled to the whole estate.

It is perfectly clear that under this deed Margaret Buck, the younger, took only an equitable life estate and that the estate directed to be conveyed by the trustee to Mary Harwood, in the event of Margaret Buck, the younger, leaving no issue living at the time of her death, was a contingent remainder. The deed conveyed the whole estate to the trustee, so that nothing remained to the grantors, and the remainder was created at the same time

and by the same conveyance, at and by which the life estate was given to Margaret Buck, the younger, and the words used to create and convey the remainder are clear and definite. If Mary Harwood had outlived Margaret Buck, the younger, there is no doubt that the contingent remainder, thus limited, would have become an absolute estate vested in her, immediately upon Margaret's death without issue living at that time. But Mary Harwood having died during the life-time of the tenant for life, so that the estate could not vest in her, it is contended that her heirs have no title to the estate. Chancellor KENT, in the 4th vol. of his *Commentaries*, p. 262, says : "contingent and executory, as well as vested interests, pass to the real and personal representatives, according to the nature of the interest, and entitle the representatives to them, when the contingency happens." In the case of *Barnitz's Lessee vs. Casey*, 7 *Cranch*, 469, Justice STORY says : "It is very clear that contingent remainders and executory devises at common law are transmissible to the heirs of the party to whom they are limited, if he chance to die before the contingency happens." To the same effect are the cases of *Snively vs. Bevans*, 1 *Md.*, 222, and *Spence vs. Robbins*, 6 *G. & J.*, 512–513.

But it was strongly urged by the appellant's counsel that, as no gift was made by the deed directly to Mary Harwood, but that it merely directed the estate to be *conveyed* and *transferred* to her by the trustee in the event of Margaret Buck dying without issue living at the time of her death, and as Mary Harwood had died before the life tenant, her heirs are not entitled to the property. As we have before stated, if Mary Harwood had survived the life tenant the equitable estate would have become vested in her immediately upon the happening of the contingency ; but as she was then dead and her interest in the estate had descended to her heirs, it became vested in them and they were entitled to have the estate conveyed and transferred

to them by the trustee. It makes no difference, so far as the vesting of the estate in Mary Harwood's heirs is concerned, whether the legal estate is in trustees, who are required to convey and transfer according to the directions of the deed, or whether the interest is provided to take effect without the intervention of trustees. *Leaming vs. Sharratt,* 2 *Hare,* 14 ; *Tayloe vs. Mosher, et al.,* 29 *Md.,* 451–452, and the cases there cited.

The next question is, who are the heirs of Mary Harwood who are now entitled to the estate?

It is clear that those only can take who were *in esse* at the time *when the contingency happened* and the estate fell into possession. That did not occur until after the death of Margaret Buck. She could not, therefore, be heir, or take or transmit any interest in the estate by will or otherwise. The case of *Barnitz's Lessee vs. Casey,* 7 *Cranch,* before referred to, is full to this point. The Court there say that only those are heirs of John McConnell who were *in esse when the contingency happened* and the estate fell into possession. The Court further say : "This rule is adopted in analogy to that rule of descent which requires that a person who claims a fee simple by descent from one who was first purchaser of the reversion or remainder expectant on a freehold estate must make himself heir of such purchaser *at the time* when that reversion or remainder falls into possession." It was accordingly held that those who were heirs of John McConnell on the 12th February, 1808, the date of *the happening of the contingency,* were entitled to the estate, though he had died in 1802, six years before the contingency happened

The Circuit Court of Baltimore City erred in decreeing any part of the estate to be conveyed and transferred by the trustee to Cassandra Olivia Buck The decree appealed from will, therefore, be reversed and the cause remanded in order that a decree may be passed directing the trustee to convey and transfer the whole estate to such heirs of

Mary Harwood as were living at the time of the death of Margaret Buck, the younger.

*Decree reversed, and*
*cause remanded.*

(Decided 28th June, 1878.)