STEWART, PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT LEROY STEWART *v.* WHITEHURST ET UX.

[No. 260, September Term, 1972.]

*Decided April 24, 1973.*

The cause was argued before MURPHY, C. J., and McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Rolland G. Lamensdorf,* with whom was *Coleman L. Diamond* on the brief, for appellant.

*F. Robert Troll, Jr.,* with whom were *Michael G. Trainer* and *Duckett, Orem, Christie & Beckett* on the brief, for appellees.

SINGLEY, J., delivered the opinion of the Court.

In this appeal from the Circuit Court for Montgomery County, sitting as the Orphans' Court, the result reached was eminently correct, but not for the reason relied upon below.

Robert L. Stewart died domiciled in Montgomery County on 4 March 1971, leaving a will dated 20 August 1951, by which the residue of his estate had been given and devised to his wife, Suzette Stewart, who had died on 13 July 1970, thus predeceasing the testator by some eight months. Robert and Suzette had no children, but Robert was survived by his father, Edward Stewart, who qualified as Robert's personal representative; and Suzette was survived by her parents, Marshall Whitehurst and Elsa Whitehurst, the appellees here.

Edward, relying on what he conceived to be mandated by Maryland Code (1957, 1969 Repl. Vol.) Art. 93, § 4-403, filed an administration account under the terms of

which there was distributed to him as Robert's next of kin the proceeds of sale of real estate owned by Robert as surviving tenant by the entirety in the amount of $21,706.88 and one-half of Robert's personal estate in the amount of $29,891.05. To Marshall and Elsa there was distributed the other one-half of the personal estate, or $29,891.05. Marshall and Elsa excepted to the account, claiming that they were entitled to the entire estate as the next of kin of Suzette, the deceased residuary legatee.

By Ch. 3, § 1 of the Laws of 1969, our law relating to decedents' estates was entirely revised. Code (1957, 1969 Repl. Vol.) Art. 93, § 4-403 made substantial changes in the prior law relating to lapsed legacies which prior to the revision of Art. 93 appeared as Code (1957, 1964 Repl. Vol.) Art. 93, § 354:

> "§ 354. No devise, legacy or bequest shall lapse or fail of taking effect by reason of the death of any devisee or legatee (actually and specially named as devisee or legatee, or who is or shall be mentioned, described, or in any manner referred to, or designated or identified as devisee or legatee in any will, testament or codicil) in the lifetime of the testator, but every such devise, legacy or bequest shall have the same effect and operation in law to transfer the right, estate and interest in the property mentioned in such devise or bequest as if such devisee or legatee had survived the testator."

The Comment to § 4-403 emphasizes that it was the intention of the draftsmen to amplify the lapsed legacy statute by providing that a bequest to a deceased legatee who had died testate would pass as provided in the will of the deceased legatee and not to the next of kin of the deceased legatee under the statute of distribution.

However, the transitional provisions of the new Decedents' Estates law in § 12-102 (c) provide that Subtitle IV, of which § 4-403 is a part, "shall apply to all

wills executed on or after the effective date of this article," which was fixed by § 12-101 as 1 January 1970.

Robert's will having been executed on 20 August 1951 was not, because of the date when it was executed, subject to the provisions of § 4-403 but instead remained governed by Code (1957, 1964 Repl. Vol.) Art. 93, § 354, which has been quoted above. In consequence, the provision made by Robert for Suzette passed directly to Suzette's next of kin living at the time of Robert's death, in such proportions as they would have received had she survived Robert and died intestate, *Simon v. Safe Deposit & Trust Co.*, 190 Md. 468, 59 A. 2d 199 (1948) ; Sykes, *Probate Law and Practice* §§ 131-134 (1956).

Edward would have us hold that because Art. 93, § 354 was specifically repealed by Ch. 3, § 1 of the Laws of 1969, neither § 354 nor § 4-403 could apply to Robert's will, and the legacy to Suzette therefore lapsed as it would have at common law. This is simply not consonant with what we perceive to be the intent of the General Assembly: that § 4-403 applies to wills executed after 1 January 1970, and that § 354 applies to wills executed before that date. In *Webster, Personal Representative v. Larmore*, 268 Md. 153, 299 A. 2d 814, 822 (1973), we indicated that Art. 93, § 351 (d), although specifically repealed by Ch. 3, § 1 of the Laws of 1969, was applicable to a will executed in 1964.

The order of the Circuit Court for Montgomery County, Maryland, sitting as the Orphans' Court sustaining Marshall and Elsa's exceptions to the administration account filed by Edward was therefore correct and must be affirmed. We do not intend, however, to be understood as passing on what would have been a proper distribution had Art. 93, § 4-403 been applicable in this case.

*Order affirmed; costs to be*
*paid by appellant.*