EQUITABLE TRUST COMPANY, Personal
Representative under Will of Ada E. Stoll
*v.* CAROLYN SMITH, Substituted
Trustee under Will of
John E. Stoll et al.

[No. 851, September Term, 1974.]

*Decided May 8, 1975.*

The cause was argued before ORTH, C. J., and MORTON and THOMPSON, JJ.

*Hugh J. Monaghan,* II, for appellant.

*William C. C. Barnes,* with whom was *Charles E. Quandt* on the brief for appellees John Walter Smith, deceased and John D. Stoll, deceased, two remaindermen under trust estate created by residuary clause of Last Will and Testament of John E. Stoll.

No brief or appearance on behalf of appellee Carolyn Smith, substituted trustee under the will of John E. Stoll.

ORTH, C. J., delivered the opinion of the Court.

We are called upon to determine the disposition under the will of John E. Stoll, deceased, of a void legacy.

## FACTS

Facts material to the issue are not disputed. John E. Stoll died on 7 November 1948 leaving a will dated 21 February 1946 which was admitted to probate by the Orphans' Court of Baltimore City on 22 November 1948. Item 1 of the will gave all his household furniture and personal effects to his wife, Ada E. Stoll, absolutely "provided she is living at the time of my death." Item 2 created a trust of all the remainder of his property for the benefit of his wife during her natural life, in the event she survived him, with power in the trustees to encroach on the principal. Item 3 expressly voided the trust if his wife predeceased him and disposed of the remainder of the estate upon the death of his wife "whether she dies before or after me" in the manner

thereafter set out in items 4 through 10. Items 4 through 9 bequeathed specific pecuniary legacies to specifically designated persons — the named children of Charlotte Stoll; his brother-in-law, Charles A. Simpson; Mr. and Mrs. Robert D. Clare — and to a home for the aged, an orphan asylum and a church. Item 10 provided:

> "I HEREBY GIVE, DEVISE AND BEQUEATH all the rest, residue and remainder of my property and estate, real, personal or mixed, and wheresoever situate, to John Walter Smith, George A. Smith, Norman Smith and Henry E. Smith, children of my deceased sister Augusta Smith, and my nephew John D. Stoll, share and share alike, upon the express condition that my nephew John D. Stoll pay to his stepbrother Herman Schreiner, his heirs, the sum of $1,000.00 from his share."

Item 11 was a spendthrift clause, item 12 bestowed powers on the executors and trustees, and item 13 appointed two executors, who were the same persons as the trustees with direction that powers granted should vest in the survivor or the successors of them.

One of the trustees appointed by the will died in 1960 and the survivor in 1964. Carolyn Smith was appointed substituted trustee by order of the Circuit Court of Baltimore City. Remainderman Henry E. Smith died 11 May 1939, about 7 years before the will was executed. Ada E. Stoll, the testator's wife and the life tenant died 18 July 1973, making the trust estate of approximately $170,000 distributable. There were no children born of the marriage of the testator and Ada E. Stoll.

## STATEMENT OF CASE

Because Henry E. Smith had died before the will was executed, the substituted trustee filed an action in the Circuit Court of Baltimore City asking, among other relief prayed, that items 2 through 10 of the will be construed or interpreted and that the trustee be instructed "as to whom and in what proportions the trust estate should be

distributed." The case proceeded along a normal course and, after a hearing on 16 April 1974, the chancellor issued a decretal order on 19 September. The decree set out the conclusion of the chancellor that "the share of Henry E. Smith should be added to the shares of John D. Stoll, John Walter Smith, George A. Smith, and Norman R. Smith [the other four remaindermen] or to the heirs at law or legatees by representation of any of those four individuals who were not living on the date the trust estate terminated." [1] The chancellor

"1. ORDERED that Carolyn Smith, substituted trustee under the will of John E. Stoll, be and she is hereby directed to distribute the balance of the trust estate under § 10 of the testator's will as follows:

A. *Norman R. Smith share.* One-fourth thereof to Norman R. Smith.

B. *George A. Smith share.* One-fourth thereof in two equal shares to Lee Benson Smith, individually, and to Lee Benson Smith, as trustee under the last will and testament of George A. Smith, residuary legatees under the last will and testament of George A. Smith. Reopening of the estate of George A. Smith is not required.

C. *John Walter Smith share.* One-fourth thereof to Southern Arizona Bank & Trust Company, as executor under the will of John Walter Smith.

D. *John D. Stoll share.* One-fourth thereof in four equal shares among Dorothy Stoll Oxley, Elizabeth Stoll Harrison, John Merle Stoll, and Robert L. Stoll, as ultimate successors in interest of John D. Stoll. Reopening of the estates of John D. Stoll and his wife is not required.

$1,000 of the share of John D. Stoll shall be paid before the distribution called for above to Stella

---

1. Only Norman R. Smith was then living. He did not file an answer or otherwise participate in the proceedings below.

Ivey and Louise Schriner, in equal shares, persons proved to the satisfaction of the court to be the heirs of the Herman Schreiner named in the will." [2]

The Equitable Trust Company, as the personal representative under the will of Ada E. Stoll, deceased, noted an appeal "from the Final Decree entered herein the 19th day of September 1974 as far as the same pertains to the distribution of the share of Henry E. Smith under Item X of the Will of John E. Stoll, Deceased, as set forth in the second introductory paragraph and Item One of said Order dated September 19, 1974." Thereby is presented whether the remainder share of Henry E. Smith was properly distributable to the other four remaindermen, as the chancellor ordered or to those entitled had John E. Stoll, the testator, died intestate, as the appellant urges.[3]

## THE LAW

It was early decided and firmly established that a legatee dead at the time the will was executed is not within the ambit of the lapsed legacy statute. The Court of Appeals said in *Billingsley v. Tongue*, 9 Md. 575, 581-582:

"The better authorities concur, that there is a manifest distinction between *a void* and a *lapsed* legacy; and in *1st Jarman on Wills*, 293 (*note*,) the very cases put above are given as illustrations of the distinction between '*a lapsed and a void devise.*' 'In the former case, the devisee dies in the intermediate time between the making of the will and the death of the testator; but, in the latter case, the devise is void at the beginning, as if the devisee be dead when the will was made."

Thus, a legacy "lapses" when the legatee dies after the making of the will but before tne death of the testator.

---

**2.** Part 2 of the decree designated the distribution of the cash legacies under items 4 through 6 and part 3 ordered that upon completion of the distributions the substituted trustee was to be discharged and released.

**3.** A brief was filed on behalf of two of the appellees, John Walter Smith, deceased, and John D. Stoll, deceased, two of the remaindermen of the trust estate.

Estates & Trusts Art. § 4-403 concerns such legacies. It sets out the conditions under which they shall not lapse or fail and gives the effect of the death of such a legatee. *See* Estates & Trusts Art. § 4-401 dealing with a legatee failing to survive a testator by 30 days. A legacy is "void" when it is "To A" and A is in fact not alive at the date of the execution of the will. A legacy is "inoperative" when it is "To A, if A survives the testator", but in fact A does not survive the testator. Void or inoperative legacies were covered by statute effective 1 January 1970, now codified as Estates & Trusts Art. § 4-404. The statute deals with nonresiduary legatees, subsection (a), and residuary legatees subsection (b). As to the latter it provides: "Where a legacy to one of two or more residuary legatees is void or inoperative, the other residuary legacies shall be augmented proportionately by the property which is the subject of the legacy." [4] It is manifest, and not disputed by the parties to this appeal, that the legacy to Henry E. Smith was void. They also are in agreement that § 4-404 is not applicable.[5] We are in accord. Henry E. Smith was not alive at the date of the execution of

---

4. The statute was formerly codified as Art. 93, § 4-404. The revision divided it into two subsections but otherwise made only stylistic changes. The comment to former Art. 93, § 4-404 pointed out that the statute recognized, "of course, that this does not affect the acceleration of remainders where the void, inoperative or renounced gift is only a terminable interest, such as a legal or equitable life estate. Thus, if a person entitled to a life estate or an estate for years, either legal or equitable, renounces the legacy it passes immediately to the next designated taker under the will."

5. Appellant suggests that the statute would control only had the testator died subsequent to the effective date of the Act. Appellees assert that had the "will been executed after January 1, 1970, the issue of intestacy would not be before the Court, due to the enactment of [the statute]", quoting it as it appeared in Art. 93, § 4-404. The comment to that section discussed the law prior to the enactment of the statute:

"Previously, there was no Maryland statutory law with respect to the disposition of a void legacy or an inoperative legacy. See, 'Disposition of Joint and Otherwise Failing Devises in Maryland,' 2 Md.L.Rev. 142 (1938); Sykes, § 135. The common law in Maryland had provided that real estate which was the subject of a void or inoperative legacy passed to the heirs of the testator, and personal property which was the subject of a void or inoperative legacy passed under the residuary clause in the will. A void or inoperative residuary legacy passed by intestacy unless the court could be persuaded to find some indicium of contrary intent in the will. McElroy v. Mercantile-Safe Deposit & Trust Co., 229 Md. 276, 182 A. 2d 874 (1962)."

the will, so the legacy to him was void. The statute, which was effective 1 January 1970, did not apply because the remainder estates vested in those entitled on the death of the testator, which preceded the effective date of the statute. Clearly in this regard, the will spoke as of the death of the testator. *Lee v. Estate of Davis*, 226 Md. 416. Retrospective operation of a statute is not favored. There is a general presumption that statutes are intended to operate prospectively and the presumption may be rebutted only by a clear expression in the statute of a contrary legislative intention. *Ramsey v. Prince George's County*, 18 Md. App. 385, and Court of Appeals cases cited therein at 392. See *Berg v. Merricks*, 20 Md. App. 666, 681.

Even though there is no class of cases where decisions are of so little aid in reaching a correct conclusion as that involving the construction of wills, *Payne v. Payne*, 136 Md. 551, 554, cited in *McElroy v. Mercantile-Safe Deposit & Trust Co., supra*, at 283, there are well-settled guidelines for construing a will. They were summarized in *McElroy* at 283-284, and we iterate them with citations omitted:

> "(1) The cardinal principle is to carry out the intention of the testator, as deduced from the 'four corners' of the will. . . .
>
> (2) The general intent of the testator prevails over minor discrepancies, omissions or contradictions. . . .
>
> (3) One of the strongest presumptions of the law is that where a will contains a residuary clause, every intendment shall be made against there either being a general or a partial intestacy. . . .
>
> (4) Where a meaning is doubtful or alternative constructions are possible, the will should be construed to effect the general intent of the testator. . . .
>
> (5) The Court in construing a will may change, transpose or add to the words of the will in order to effect the general intent of the testator. . . .
>
> (6) Where the residuary clause itself does not make

a complete disposition of the residuum, the presumption against intestacy is not applicable, and if the words of the will clearly create an intestacy, the Court will not fill the void. . . .

(7) The Court will not write a new will for the testator, but will construe the words used by him, and will not change such words unless it clearly appears what specific words should have been used to express the overriding general intent. . . .

(8) Words will not be changed unless it is clear what other words were intended to have been used. . . .

(9) It is a very extraordinary will where a residuary clause does not prevent a partial intestacy, unless some part of the residue itself be not well given. . . .

(10) No particular form of expression is required to constitute a residuary clause, it being sufficient if the intent to dispose of the residue appears. . . .

(11) Where a word is used more than once, it is presumed to be used always in the same sense unless a contrary intention appears by the context. . . ."

The Court of Appeals said in *Crawford v. Crawford,* 266 Md. 711, 715, that "the distillation of [these guidelines] is that *the general intent of the testator is in every case the controlling consideration.*" See *Scott v. Shuffler,* 269 Md. 432, 435.

The general intent of the testator here is clear. He intended that his wife, if she was alive at the time of his death, receive only his household furniture and "personal effects" absolutely. She was to have no more than a life estate in all other property (except for discretion in the trustees to encroach on the trust principal for her benefit during her life). The remainder of the estate, whether the wife died before or after the testator, was disposed of in the residuary clause, carrying with it "every intendment . . . against there being a general or partial intestacy." The

residuary clause itself made a complete disposition of the residuum by giving it to named residuary legatees "share and share alike" rather than in specified fractional parts. The will here is not that "very extraordinary will" where the residuary clause does not prevent a partial intestacy. The short of it is that in harmony with the general plan and intent which is apparent from the four corners of the will as a whole, the share of each of the other residuary legatees is augmented by a proportionate part of the void legacy. The property which would have been included in the share of Henry E. Smith had his legacy not been void, did not pass under intestacy as to that share because it was patently the intention of the testator that his wife not take any part of the rest, residue and remainder of his property and estate. In other words, the general rule of construction to the effect that when a portion of a residuary bequest fails to become operative at the death of the testator, the share thus failing passes to the next of kin as property not disposed of by the will, does not apply because its application would defeat the clear intention of the testator as expressed in his will. *Davis v. Mercantile-Safe Deposit & Trust Co.*, 235 Md. 266, 269.

*Decree of 19 September 1974 affirmed; costs to be paid by appellant.*