124

HANNAH G. WILHELM, Trustee *v.* HARRY J. ZEPP,
Guardian

[No. 1414, September Term, 1981.]

*Decided July 9, 1982.*

The cause was argued before MOYLAN, LOWE and
MACDANIEL, JJ.

*James N. Phillips,* with whom were *Dennis G. Silverman*
and *Phillips & Sloan* on the brief, for appellant.

*Eugene A. Alexander, III,* with whom were *Thomas E.
Rosser* and *Harley, Wheltle, Victor & Rosser* on the brief, for
appellee.

MACDANIEL, J., delivered the opinion of the Court.

This case arose when appellee, Harry J. Zepp, guardian of the property of Maurice E. Zepp, a disabled person, filed a petition in the Circuit Court of Baltimore City requiring appellant, Hannah G. Wilhelm, trustee of a trust created by Elsie R. Zepp, the deceased wife of Maurice E. Zepp, to pay over to Harry J. Zepp, the guardian, certain funds out of the corpus of the trust estate. From an order requiring the payment of the funds appellant appeals.

In her brief appellant poses the following questions:

"1. Are the remaindermen necessary parties to a case where a decision adverse to the trustee would adversely affect their future estates?

2. Does language in a testamentary trust which gives an individual beneficiary 'the right to withdraw' sums of money from the principal of a trust amount to the creation of a power reposed in the individual having said 'right'?

3. May a 'power' under a Will be exercised by a Guardian if the person whose direction the trustee is authorized to follow becomes incompetent and a Guardian is appointed?

4. Is a trustee amenable to an order entered in a guardianship proceeding in which the trust has no involvement?"

Although appellant raises four questions in her brief, we have rephrased and reduced the issues raised to a single question. The issue is whether the trustee was required to pay funds from the trust to the guardian. Whether the remaindermen were necessary parties to the suit was *not* raised below and is not properly before us.[1]

1. In cases where the interest of the trustee and remaindermen are the same the trustee acts on behalf of the remaindermen and hence they are not necessarily "necessary parties." *See* The First National Bank of Maryland, et al. v. Department of Health and Mental Hygiene, et al., 284 Md. 720 (1979).

*Background*

Elsie R. Zepp, the deceased wife of Maurice E. Zepp, created by will a trust for the benefit of Maurice. The will in pertinent part provides:

"*ITEM III:* I give and bequeath unto my spouse, Maurice E. Zepp, if living at the time of my death, all of my personal effects, househould furnishings and automobiles together with all policies of insurance upon such property.

*ITEM IV:* If my said spouse survives me, I give, devise and bequeath the rest, residue and remainder of my estate, of every kind and description, in trust to my Trustee or Trustees, (hereinafter named and referred to in the singular and neuter) for and to be held, administered and disposed of as follows:

My Trustee shall pay the entire net income therefrom to my said spouse, for life in at least quarter-annual installments.

I hereby authorize my Trustee, in its sole and absolute discretion, to make such payments from the principal of the trust to or for the benefit of my said spouse, as my Trustee may deem proper and desirable, for his support, maintenance, education, general welfare and care.

My said spouse shall have the right to withdraw from the principal of the trust in each calendar year such amounts as my spouse desires, but such amounts shall not exceed annually the greater of the sum of Five thousand dollars ($5,000.00) or Five percent (5%) of the value of the trust principal as of December 31st of each trust year. The annual right of withdrawal shall be non-cumulative.

Upon the death of my said spouse, the trust shall terminate and I direct that the trust as then constituted, including any accumulated, accrued and/or undistributed net income, shall be paid over and

distributed in equal shares to the following persons, in each event if they survive me:

One equal share unto my stepmother, Lois A. Ross;

One equal share unto my cousin, Ruth Roberson;

One equal share unto my friend, Hannah G. Wilhelm; and

One equal share unto my friend, Eleanora E. Sellers."

In the first year after the trust was created, the trustee paid to the guardian the sum of $5,000. Subsequently, when the demand was next made for the sum of $5,000, the trustee refused to make payment and suit was instituted.[2]

A hearing was held on June 8, 1981, before a Master in Chancery upon the petition filed by appellee. Subsequently, on July 2, 1981, the master filed his report recommending that appellee be permitted to exercise the option in Item IV of the will.

An order of court (Greenfeld, J.) was filed on July 2, 1981, which adopted the master's recommendations and ordered: 1) that appellee's petition be granted, and 2) that the trustee pay the sum of $5,000 or 5% of the corpus in accordance with Item IV of the will for each year the option is elected by the guardian.

Appellant filed a motion for a rehearing and revision of the decree which was heard on September 3, 1981 (Kaplan, J.), and an order was filed that day affirming both the report and recommendation of the master and the earlier order of court.

## Rights and Powers of Guardian

Appellant maintains that the appellee does not have the right to demand payment in accordance with Item IV of the

---

**2.** Maurice E. Zepp apparently became disabled shortly after his wife's death.

will. In her brief appellant states, "The authority or power given to the husband (spouse) in this case is personal to him and may not be exercised by a Guardian."

Neither party to this litigation has referred us to any Maryland case on point; nor has our research proved fruitful. Perhaps the reason there are no cases in Maryland dealing with this issue rests with the clear and concise language found in the Estates and Trusts Article of the Maryland Code which was not addressed by either brief, but formed the foundation of the chancellor's determination. It is upon that statutory authority of the following code sections that we hold appellee has the right to exercise the option given to Maurice E. Zepp.

Section 13-206 (c) vests in the guardian of the property of a disabled person title to all property held at the time of the appointment or acquired later and directs the guardian to "utilize powers conferred by this subtitle to perform the services, exercise his discretion, and discharge his duties for the best interest of the minor or disabled person or his dependents."

Section 13-213 (Powers) provides:

"All the provisions of § 15-102 of this article with respect to the powers of a fiduciary and the manner of exercise of those powers are applicable to a guardian."

Section 15-102 (Powers of a fiduciary) is the most important section in regard to the issue involved in this case. Section 15-102 (a) states:

"(a) *Definition.* — As used in this section, 15-102, 'fiduciary' means only a trustee acting under a deed, will, declaration of trust or other instrument in the nature of a trust or appointed by a court, a committee or guardian of the property of a minor or a disabled person, whether the trust or estate be created or the appointment made prior or subsequent to the effective date of this subtitle. 'Fiduciary' does not include a receiver, trustee of a

trust for the benefit of creditors, executor, administrator, or personal representative."

Section (w) provides:

"(w) *Exercise by guardian of inter vivos powers.* — A guardian may exercise any inter vivos power which the minor or disabled person could have exercised under an instrument, including the power to sell, mortgage or lease."

Applying the provisions of the code to the factual situation in the present case, the result is, we find, crystalline. Appellee, by statute, has all of the powers of a fiduciary as listed in Estates and Trusts § 15-102 and in particular § 15-102 (w) and may exercise any *"inter vivos* power which the disabled person could have exercised under an *instrument."* In the case *sub judice,* Maurice E. Zepp could have exercised the $5,000/5% option (which is an *inter vivos* power) under the will (which is an instrument).

Appellant, apparently unaware of § 15-102 (w), theorized that the intent of the testatrix ascertained from the "four corners" of the will clearly demonstrates the option in Item IV to be personal to testatrix's husband and not exercisable by his guardian. We disagree. The testatrix could have used language in the will denying the right given the guardian by § 15-102 (w), but failed to do so in this case. The language of that part of Item IV germane to the issue reads:

"My said spouse shall have the right to withdraw from the principal of the trust in each calendar year such amounts as my spouse desires ... Five thousand dollars ($5,000.00) or Five percent (5%) ..."

This language is clear and unambiguous. Maurice E. Zepp had the absolute and unconditional right to exercise the $5,000/5% option any time he so desired. This is precisely the *"inter vivos* power" contemplated by § 15-102 (w). We find no words in the option to deny to a guardian the right to exercise this *inter vivos* power which the disabled person

could have exercised under the will. Nor do we find any conflict between this option in Item IV and any other provision of the will.

The cardinal principle in construing a will is to carry out the intention of the testatrix, as adduced from the "four corners" of the will. *Equitable Trust Co. v. Smith,* 26 Md. App. 204 (1975). The "four corners" of this will do not reveal any conflicts or ambiguities. There is simply nothing here to indicate any intent to limit the $5,000/5% option to the personal use of the beneficiary only or to foreclose the guardian of the beneficiary who became disabled from exercising that right for the disabled person as granted by § 15-102 (w).

We find no error and shall affirm.

> *Judgment affirmed.*
> *Appellant to pay the costs.*