WATTS, J.,
dissenting, in which BATTAGLIA, J., joins.
Respectfully, I dissent. I would dismiss the case for certiorari having been improvidently granted because review is not “necessary to secure uniformity of decision,” nor are there “other special circumstances rendering it desirable and in the public interest that the decision be reviewed.” Md.Code Ann., Cts. & Jud. Proc. (1973, 2013 Repl.Vol.) § 12-305. Alternatively, I would affirm the judgment of the Court of Special Appeals.
*288 This case boils down to effectuating the intent of Elizabeth Duvall (“Mrs. Duvall”), the testatrix, to have her four children inherit as expressed in her Last Will and Testament (“the Will”). The Will’s plain language makes clear that Mrs. Duvall wanted her four children—George W. Duvall, Jr., Alfred N. Kelly, David M. Kelly, and Dennis J. Kelly, Sr.—to inherit and that she did not intend to provide for any legatees beyond the four children. Indeed, neither Petitioner, Dennis J. Kelly Jr., a grandson whom Mrs. Duvall presumably knew when she executed the Will, nor any legatees beyond her four children are mentioned anywhere in the Will. In the Will, Mrs. Duvall expressly left her home and all of its contents to Dennis J. Kelly, Sr., and “g[a]ve, devise[d], and bequeath[ed]” “[a]ll the rest, residue and remainder of [her] estate and property” to her four children “to share and share alike, in equal shares.”
In Item III, the Will states: “If any of the legatee or beneficiary named or described under any provision of my Will does not survive me by a period of thirty (30) days, then all provisions of my Will shall take effect as if such legatee or beneficiary had, in fact, predeceased me.” In other words, the Will conditioned inheritance on survivorship; i.e., a legatee must have survived Mrs. Duvall by more than thirty days to inherit. If not, then all other provisions of the Will would take effect. There is no language whatsoever in the Will providing for anyone or any legatee besides Mrs. Duvall’s four children if one of the children did not survive Mrs. Duvall for at least thirty days; i.e., other than the intent that Dennis J. Kelly, Sr. inherit Mrs. Duvall’s home and that her four children “share and share alike,” the Will is absolutely silent as to the disposition of Mrs. Duvall’s estate.
Because the Will specifically conditions inheritance on the named legatees’ survivorship, the bequest to Dennis J. Kelly, Sr., who predeceased Mrs. Duvall, is inoperative. See Equitable Trust Co. v. Smith, 26 Md.App. 204, 209, 337 A.2d 205, 208 (1975) (“A legacy is ‘inoperative’ when it is ‘To A, if A survives the testator’, but in fact A does not survive the testator.”).
*289 Significantly, however, the Will does not mention the anti-lapse statute, Md.Code Ann., Est. & Trusts (1974, 2011 Repl. Vol.) (“ET”) § 4-403,[1] and does not evince any intent to have ET § 4-403 take effect upon any legatee’s death. Nonetheless, the Majority determines that Item III “largely mirrors” the first half of ET § 4-401[2] and that, because Item III “closely tracks” ET § 4-401’s language, Illustration iv of the Henderson Commission’s Report—which provides that ET § 4-403 “determine^] whether the legacy has lapsed or not”—is instructive. Maj. Op. at 283, 107 A.3d at 1179. I disagree. Because the Will’s language does not fully embody ET § 4-401 or even reference ET § 4-403 (the anti-lapse statute) and, most importantly, because a contrary intent is expressed, this case is, in my view, a poor vehicle for interpreting the Henderson Commission’s Report and its interplay with ET § 4-403. Here, in actuality, the Will’s language contradicts ET § 4-403 because it expressly conditions survivorship as a prerequisite to inheritance, i.e., named legatees who do not survive Mrs. Duvall do not inherit. As a result, *290 the Will makes clear that Mrs. Duvall intended for her surviving children, and no one else, to inherit.
Certainly, the opportunity for the Court to comment on the Henderson Commission’s Report mil validly present itself in another case. Under these circumstances, however, I would not override Mrs. Duvall’s clear intent as expressed in the Will and read ET § 4-403 into the Will. Rather, I would dismiss or affirm the judgment of the Court of Special Appeals, and reach the just result for Mrs. Duvall and her children.
For all of the reasons above, I, respectfully, dissent.
Judge BATTAGLIA has authorized me to state that she joins in this opinion.

. For reference, ET § 4-403 provides, in relevant part:
(a) Death of legatee prior to testator.—Unless a contrary intent is expressly indicated in the will, a legacy may not lapse or fail because of the death of a legatee after the execution of the will but prior to the death of the testator if the legatee is:
(1) Actually and specifically named as legatee;
(2) Described or in any manner referred to, designated, or identified as legatee in the will; or
(3) A member of a class in whose favor a legacy is made.
(b) Effect of death of legatee.—A legacy described in subsection (a) of this section shall have the same effect and operation in law to direct the distribution of the property directly from the estate of the person who owned the property to those persons who would have taken the property if the legatee had died, testate or intestate, owning the property.

. For reference, ET § 4-401 provides:
A legatee, other than his spouse, who fails to survive the testator by 30 full days is considered to have predeceased the testator, unless the will of the testator expressly creates a presumption that the legatee is considered to survive the testator or requires that the legatee survives the testator for a stated period in order to take under the will and the legatee survives for the stated period.