AMELIA  EMMA  BARNETT  *vs.*  DE  WARREN
BEAUREGARD BARNETT, ET ALS.

*Wills*: *construction; intention of testator; situation and attend-
ant circumstances; "absolute control" of estate; fee.*

Wills are to be construed more liberally than deeds, in order
that the intention of the testator may be carried into effect.
                                                p. 267

In order to pass a fee by will it is not necessary to make a
strict use of the technical expressions.            p. 267

It is always the object of a Court to ascertain the intention
of the testator; and in order to do that the particular situa-
tion of the testator, or other circumstances which existed at
the time of the execution of the instrument, are always
proper subject matters of consideration in connection with
the language expressly employed.                    p. 267

A provision in the will of a testatrix that she desired all of her
children to have "absolute control" of their portion of her
estate, was held sufficient in view of all the facts and cir-
cumstances of the case to give a title in fee, especially as the
will provided that by agreement among themselves, the chil-
dren might alienate the property.                   p. 269

*Decided January 11th, 1912.*

Appeal from the Circuit Court of Baltimore County sit-
ting in equity (DUNCAN, J.).

The cause was submitted to BOYD, C. J., BRISCOE,
PEARCE, BURKE, THOMAS, PATTISON and URNER, JJ.

*Crain* and *Hershey* filed a brief for the appellant.

*Robert W. Beach* filed a brief for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

On December 5th, 1888, Amelia Elizabeth Barnett exe-
cuted her will for the express purpose of "making some dis-

position of my real estate." By this instrument she provided that in the event of her husband surviving her, he should have entire control of the farm belonging to her on the Reisterstown Turnpike Road, in Baltimore county, comprising about sixty-three acres, but without the power to sell the farm or any part of it, or to permit it to be encumbered by debts or mortgages, or to depreciate from neglect, and with the further expressed wish that her unmarried children should "have a comfortable support from the proceeds of the farm." At her husband's death and after all debts were paid, and the sum of $3,000, paid to her daughter Amelia Emma Barnett, her will continues as follows:

"then an equal division of my property or if sold an equal division of proceeds among my five children, Amelia Emma Barnett, Estella Virginia Barnett, Jessie Davis Barnett, DeWarren Beauregard Barnett, Florence Lee Barnett, and in the event of the death of any of my children before the settlement of the estate then their portion shall go to their children, but if they have no children then their portion shall be equally divided among my surviving children and to the children left by any of my other deceased children should there be any. It is my desire that my children shall have their portion of my estate for their exclusive benefit or maintenance and at their death go to their children absolutely, but if any of my children should marry and die without children then their portion shall revert to my surviving children and children left by any of my deceased children."

Nine years after the execution of this will, the testatrix executed a codicil in the following language:

"Finding portions of my original will not arranged to my entire satisfaction I desire to make some alterations.

I desire all of my children to have absolute control of their portion of my estate. I also desire that my children shall be very guarded in advancing their money to anyone. Should any loan be made to secure themselves against loss and in the event of the death of any of my children without issue what remains

of their portion shall revert to my living children and children of my deceased children should there be any.

It is my express desire that there shall be no dissention among my heirs over the division of my estate, and I furthermore stipulate that my property shall not be forced into market and sacrificed, but shall be held at least five years unless they can all agree to dispose of same to advantage before the expiration of five years."

The testatrix died on the 1st of July, 1900, leaving her husband surviving her, and he died in February, 1909. The children of the testatrix are all adults, and the record in this case discloses but a single question which this Court is called to pass upon. That question involves a construction of the will, and the determination whether the language of the will and codicil operate to vest in the children of the testatrix an absolute fee or a life estate only.

The express terms of the will created in the husband of the testatrix a life estate, which has now been terminated by his death. The limitation upon sale imposed by the concluding words of the codicil, being a time limitation of five years, has now expired, more than the stipulated period having passed since both the execution of the codicil and the death of the testatrix.

The rules of construction are simple and readily understood. Thus it has always been recognized that wills are to be construed more liberally than deeds, in order that the intention of a testator may be carried into effect, and therefore, in order to pass a fee it is not necessary to make a strict use of technical expressions. *Page on Wills*, sec. 561. It is always the object of the Court to ascertain, if possible, the intention of the testator, and to do that the particular situation of the testator, or other circumstances which existed at the time of the execution of the instrument, are always proper subject matters of consideration in connection with the language which is actually employed. *Henderson* v. *Henderson,* 64 Md. 185; *Levi* v. *Bergman,* 94 Md. 204.

The testimony in this case abundantly establishes the character of the relation which existed between Mrs. Barnett and her children to have been one of entire confidence, the subject matter of the will and its provisions were talked over in the family as a matter of general interest and agreement prior to the execution of the will.

The provision for the life estate for her husband, if he survived her, was made in clear and apposite terms; it was only when she came to make the provision for the devolution of the property after his life estate that any question could arise. Even then it is by no means clear that it was the intent of the testatrix to create a life estate in the children, for the reason that express provision is made for a division of the proceeds of the property. But even if it be assumed that by reason of a strict construction of the language employed in the will, there were created successive life estates in her husband and then in her children, that doubt was entirely removed by the first paragraph of the codicil, where the language is plain and unmistakable. She there said, "I desire all of my children to have absolute control of their portion of my estate." It is true she does not use the words "in fee" or "heirs," but the terms "absolute," or "absolute control," or "absolute disposal" have a well defined signification in testamentary law. Thus it is said in the case of *Greenawalt* v. *Greenawalt*, 71 Pa. St. 487, that absolute is not a word used to distinguish a fee from a life estate, but to distinguish a qualified or conditional from a fee simple estate; and in the will which was under construction in *Jackson* v. *Babcock*, 12 Johns, N. Y. 393, the term "absolute disposal" was held to vest a fee in the devisee. See also, *Anders* v. *Gerhard*, 140 Pa., St. 153; *Dills* v. *Adams* (Ky.), 43 S. W. 680. And in the case of *Johnson* v. *M'Intosh*, 8 Wheat. 588, it was said by Chief Justice Marshall, that "an absolute must be an exclusive title or at least a title which excludes all others not compatible with it." See also, cases cited in 1 *Words and Phrases*, page 38, *et seq*. But

even as further indicating the intention of the testatrix in this case, the concluding words of the codicil, where a limitation of time is sought to be placed upon any alienation of the property, the language of the testatrix clearly indicates a power of disposal even within that time by the agreement of all of the parties, an intention entirely inconsistent with the creation of a life estate, and if the devise in this case were to be treated in the nature of a general devise with a power, it would come under the ruling of this Court in the case of *Welsh* v. *Gist,* 101 Md. 606, where the late CHIEF JUSTICE McSHERRY said, that if "an estate is given to a person generally or indefinitely with a power of disposition such gift carries the entire estate and the devisee or legatee takes, not a simple power, but the property absolutely."

Without prolonging this opinion further, it is sufficient to say, that the construction placed upon the will and codicil of Amelia Elizabeth Barnett by the Circuit Court for Baltimore County, as set forth in the decree of July 22nd, 1911, was correct, and that decree will be affirmed.

> *Decree affirmed, costs to be paid out of the estate.*