MAYOR AND CITY COUNCIL OF BALTIMORE CITY
*v.* ALBERT T. WHITE, ET AL.

[No. 67, October Term, 1947.]

*Decided January 16, 1948.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Richard M. Carlin, Assistant City Solicitor of Baltimore,* with whom was *Simon E. Sobeloff, City Solicitor,* on the brief, for the appellants.

*B. Harris Henderson* and *L. Franklin Gerber* for the appellees.

MARKELL, J., delivered the opinion of the Court.

On March 6, 1946, William H. Hague and his wife, Francis E. Hague, died of gas poisoning. They were found dead or near death in their apartment. He was about 86 years old, she about 82. He left no relations, she left nephews and nieces. They left identical wills, his dated February 28, 1920, hers February 2, 1920, each leaving everything to the other. Excluding any interest of either in the other's estate, he left about $50,000, she about $1,000, all personal property.

Her nephews and nieces (appellees) contend that he survived her and that under his will they, as her next of kin, take the estates of both husband and wife. The City of Baltimore (appellant) contends that there is no sufficient evidence that the two died otherwise than simultaneously and that under the Uniform Simultaneous Death Act, Code 1943 Supplement, Art. 35, secs. 89-96, Acts of 1941, ch. 191, the husband's estate must be paid to the School Board. Code, Art. 93, sec. 143; P. L. L. 1938, Art. 4, secs. 1002-1006. The administrator *c. t. a.* of each filed bills for directions in the administration of the estates. The lower court found from the evidence that the husband in fact survived the wife and held that her nephews and nieces are entitled to the estates of both. The City appeals.

We find it unnecessary to decide the question of fact as to survival. Whether either or neither survived we think the nephews and nieces are entitled to the estates of both. This conclusion depends upon construction of

the Uniform Simultaneous Death Act and the lapsed legacy statute. Art. 93, sec. 340.

The Uniform Simultaneous Death Act provides: "Where the title to property or the devolution thereof depends upon priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each person shall be .disposed of as if he had survived, except as provided otherwise in this sub-title." Section 89. The lapsed legacy statute provides: "No devise, legacy or bequest shall lapse or fail of taking effect by reason of the death of any devisee or legatee * * * in the lifetime of the testator, but every such devise, legacy or bequest shall have the same effect and operation in law to transfer the right, estate and interest in the property mentioned in such devise or bequest as if such devisee or legatee had survived the testator". The City contends that when section 89 is applicable, the lapsed legacy statute is not applicable, because the former is applicable only when there is no sufficient evidence of survival and the latter only when the testator survives. This contention is untenable. Section 89 provides for disposition "as if" the testator had survived; consequently it incorporates by reference the provision in the lapsed legacy statute *if* the testator survives. The two statutes, thus construed together, may produce a different result than either standing alone.

The lapsed legacy statute has been in force, without change now material, since 1810. Many states have narrower statutes. "Some of them only save the legacies for the benefit of children or descendants, others for the benefit of descendants or designated relatives, and still others have used terms such as 'heirs,' 'relations,' etc." *Vogel v. Turnt*, 110 Md. 192, 202, 72 A. 661, 664. The statute has been liberally construed, though in the case quoted this court with difficulty reached the conclusion that the husband of a deceased devisee is entitled to dower in real estate devised to his wife. *Supra*, 110 Md. 192, at pages 201-204, 72 A. 661. The statute expresses a presumed intent of the testator. The presump-

tion may be overcome by expression of a contrary intent in the will, but is supported by the presumption that the will was made in view of the statute. *Redwood v. Howison,* 129 Md. 577, 584-586, 99 A. 863.

"The time of the transfer is the death of the testator; and as the legatee died before the testator, he would not be the person meant, as the object of the statutory transfer. But the law refers to such persons then *in esse,* entitled by law to the distribution of the legatee's estate in case of intestacy, that is, his representatives. The words of the law are, not that the legacy shall pass in the same manner as if the legatee had survived and died, but that a transfer should in all cases be operated, as if he had survived; that is, that the title to the legacy should be as binding and operative in the one case as the other." *Glenn v. Belt,* 7 Gill. & J., Md., 362, 367; *Vogel v. Turnt, supra,* 110 Md. 192, 199, 200, 72 A. 661; *Redwood v. Howison, supra,* 129 Md. 577, 589, 99 A. 863; *Hays v. Wright,* 43 Md. 122, 125, 126. In other words, the legacy goes not only to the "next of kin" in the strict sense, but to the distributees or "representatives" of the legatee.

If the husband's estate is disposed of "as if" he had survived, then his estate (and hers, if he actually survived) goes to the wife's nephews and nieces. *Redwood v. Howison, supra.* If the wife's estate is disposed of "as if" she had survived, then her estate (and his, if she actually survived) goes to his distributees or "representatives." The School Board is not his distributee or "representative." Section 1002, P. L. L. Art. 4, provides not for "distribution" to the School Board as the "representative" of intestates, but for "payment" to it of the funds "which remain undistributed for want of legal representatives of the intestates to claim the same." Art. 93, secs. 143 and 144 are in effect similar. Both sec. 1006, P. L. L. Art. 4, and Art. 93, sec. 144, require repayment by the School Board or the County Commissioners (as the case may be) if "legal representatives" of the intestate appear. The purpose of the lapsed legacy statute is to transfer the legacy to the legatee's distributees or

"representatives" instead of the testator's distributees or "representatives"—to prevent intestacy, not to cause escheat (or the equivalent with respect to personal property). We have been referred to no case in any jurisdiction, and we have found none, which holds that a lapsed legacy statute causes escheat for want of distributees of the legatee. If, therefore, the wife survived, she died intestate since her husband left no distributees or "representatives; her estate therefore went to her nephews and nieces.

*Decree affirmed, costs to be paid out of the estates.*