227 Md. 155 (1961)
175 A.2d 592
NEW YORK STATE LIBRARY SCHOOL ASSOCIATION, INC.
v.
ATWATER ET AL., ADMINISTRATORS
[No. 68, September Term, 1961.]
Court of Appeals of Maryland.
Decided December 6, 1961.
Motion for rehearing filed December 14, 1961.
Denied December 20, 1961.
*156 The cause was argued before BRUNE, C.J., and HAMMOND, PRESCOTT, HORNEY and MABRURY, JJ.
Murray MacNabb, for appellant.
Walter C. Mylander, Jr., and Thomas A. Garland, with whom was Charles C.W. Atwater on the brief, for appellees.
BRUNE, C.J., delivered the opinion of the Court.
This is an appeal from an order of the Orphans' Court of Baltimore City refusing to admit to probate a carbon copy of a paper purporting to be the will of one Grace E. Hatch, a decedent. The proponent of the copy was a friend of the decedent having no interest in the estate, but the appellant is the sole devisee and legatee named in that instrument. The appellees are the administrators pendente lite, but the real parties in interest on the appellees' side are Miss Hatch's first cousins and the personal representative of one of them who survived the decedent but has since died.
Evidence presented in the Orphans' Court established the execution of the original will of Miss Hatch in 1933. Preston v. Preston, 149 Md. 498, 132 A. 55. It was drawn by John T. Tucker, Esq., then a practicing lawyer and later, for some eighteen years, a Judge of the Supreme Bench of Baltimore City. Following the death of Miss Hatch in October, 1960, the paper offered for probate was found in her safe deposit box in an envelope marked in the decedent's handwriting, "Copy of Will of Grace E. Hatch." This copy bore the notation, also in her handwriting, "One copy filed with Mr. John T. Tucker. One copy filed in safe deposit box in Sandy Hill National Bank of Hudson Falls." The carbon copy offered for probate was not signed by the decedent. It was a conformed copy on which the date of execution and the name of the testatrix and the names of the witnesses had been inserted in the handwriting of Judge Tucker, each name being prefixed with the word "Signed."
Judge Tucker testified as to his custom of conforming copies of wills, as in this instance, and as to the practice of his firm *157 of putting original wills left for safe-keeping in a box kept in the firm's safe. There was testimony of a diligent search both of that box and of the records of the firm which had succeeded Judge Tucker's firm. Neither the original will nor any file pertaining to it could be found.
Likewise, no trace of the will could be found in the Hudson Falls bank. The primary executor, a resident of Hudson Falls, had been dead for some years. Miss Hatch had no safe deposit box in the bank named and the bank (or its successor) had no will of hers in safe-keeping.
The appellant does not question the due execution of the will, nor do the appellees. The appellant does challenge the conclusion which the Orphans' Court drew that the original will had been delivered to Miss Hatch. We think, however, that the evidence was ample to sustain this inference or conclusion of the Orphans' Court; and the findings of fact of an Orphans' Court are entitled to a presumption of correctness. Shapiro v. Marcus, 211 Md. 83, 88, 124 A.2d 846, and cases there cited. See also Tilghman v. Bounds, 214 Md. 533, 539, 136 A.2d 226.
The law is settled in this State that if the will is traced into the possession and custody of the testator and is there found mutilated in any of the modes pointed out in the statute of revocation, or is not found at all, it will be presumed that the testator destroyed, or mutilated it, animo revocandi. Gilbert v. Gaybrick, 195 Md. 297, 305, 73 A.2d 482; Hull's Estate, 164 Md. 39, 49, 163 A. 819; Measley v. Housman, 144 Md. 339, 124 A. 906. See also 3 Page, Wills, Bowe-Parker Rev. (1961), § 29.139. Compare Tilghman v. Bounds, supra, where there was evidence to show that the original will was in existence when the testatrix died and was destroyed subsequently.
This presumption of revocation is rebuttable, but the burden of explaining what became of the original will rests upon the party seeking to probate the copy. Gilbert v. Gaybrick, supra. We think that the evidence fails to show that the Orphans' Court was in error in concluding that proof of the continued existence of the lost will was insufficient. The appellant relies upon a statement made by the decedent to the *158 proponent of the copy within two years of her death intimating that she might revoke or change her will so as to leave something to him and to his grandson. This, as the Orphans' Court noted, suggested the possibility that the will was then in existence; but as it also noted, "this intention, though apparently unfulfilled, could account for the absence of the original will on her death." We also agree that the preservation of a carbon copy of the original will in the safe deposit box would not overcome the presumption. See Bailey v. Bailey, 171 S.W.2d 162 (Tex. Civ. App.), involving very similar facts.
Apart from the award of costs and a statement that an appropriate order would be signed, the thorough and able opinion of the Orphans' Court concludes as follows:
"The Court finds that the possession of the original will having been traced to the decedent at the time of execution has raised the presumption that it was subsequently destroyed by her with the intention of revocation. There being no sufficient evidence to overcome this presumption, or to explain the nonproduction of the original will upon her death, the Court has no alternative but to deny the probate of the carbon copy thereof."
We see no basis for disturbing the above findings of fact, and we think that the Orphans' Court correctly stated the law applicable thereto. Its order in conformity with these conclusions will be affirmed.
Order affirmed, costs to be paid by the appellant.