*Dennis J. Kelly, Jr. v. George W. Duvall, Jr., et al.*, No. 26, September Term, 2014, Opinion by Adkins, J.

**TRUSTS AND ESTATES — WILLS — CONDITIONS PRECEDENT — SURVIVORSHIP:** When a will contains a recitation of Md. Code (1974, 2011 Repl. Vol.), § 4-401 of the Estates and Trusts Article, that provision does not act as a survivorship requirement to a legacy.

**TRUSTS AND ESTATES — WILLS — LAPSE — CONTRARY INTENT NOT EXPRESSED:** When a Will contains no express language to the contrary but includes a recitation of Md. Code (1974, 2011 Repl. Vol.), § 4-401 of the Estates and Trusts Article, the testator has not expressed a contrary intent sufficient to negate Maryland's presumption against lapsed legacies, codified in Md. Code (1974, 2011 Repl. Vol.), § 4-403 of the Estates and Trusts Article.

Circuit Court for Anne Arundel County
Case No.: 02-C-12-170592
Argued:  November 7, 2014

IN THE COURT OF APPEALS

OF MARYLAND

No. 26

September Term, 2014

DENNIS J. KELLY, JR.

v.

GEORGE W. DUVALL, JR., et al.

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

Opinion by Adkins, J.
Battaglia and Watts, JJ., dissent

Filed: January 27, 2015

The common law is no stranger to familial disputes born of contested inheritance. In this case, we are asked to interpret a mother's will and determine its relationship to Maryland's statutory testamentary law. Specifically, we must ascertain whether the testator intended to create a condition precedent to her son's inheritance, and if not, whether she intended to rebut the State's statutory anti-lapse presumption.

## FACTS AND PROCEEDINGS

This case arises from two disputed provisions in the Last Will and Testament of Elizabeth Duvall (the "Will"), which Ms. Duvall executed on May 17, 2001. In part, the Will provides:

### ITEM III.

If any of the legatee or beneficiary named or described under any provision of my Will does not survive me by a period of thirty (30) days, then all provisions of my Will shall take effect as if such legatee or beneficiary had, in fact, predeceased me.

### ITEM IV.

A. Specific Bequests:
   (1) I hereby give, devise and bequeath that lot of ground and premises owned by me and located on and more commonly described as 161 Mabel Lane, Severna Park, Anne Arundel County, Maryland 21146, and all household furnishing and contents therein, unto my son, DENNIS J. KELLY, absolutely.

B. Rest and Residue:
   All the rest, residue and remainder of my estate and property, real, leasehold, personal or mixed, of all kinds, nature and description, and wheresoever situate, I do hereby give, devise and bequeath unto my children, GEORGE W.

DUVALL, JR., ALFRED N. KELLY, DENNIS
J. KELLY and DAVID M. KELLY, to share and
share alike, in equal shares.

Ms. Duvall's death on April 16, 2011, and the death of her son, Dennis J. Kelly, Sr., only weeks earlier set in motion this conflict over the proper disposition of her estate. On November 15, 2011, Respondents Alfred Kelly, David Kelly, and George Duvall filed a Petition for Construction of Ms. Duvall's Will in the Orphans' Court for Anne Arundel County, urging the court to "find that the Will leaves the assets of the estate to [Ms. Duvall's] living children only." Petitioner Dennis J. Kelly, Jr.—Kelly, Sr.'s heir— responded, contending that the house and its contents should pass to the estate of Kelly, Sr., and that his heirs are entitled to one-quarter of Ms. Duvall's residuary estate.

The Orphans' Court ruled in favor of the surviving sons, concluding that "the Estate should be distributed to the three surviving children named in item IV" of Ms. Duvall's Will. Kelly, Jr. appealed to the Circuit Court for Anne Arundel County, which affirmed the judgment of the Orphans' Court. It reasoned:

> The inclusion of Item III establishes intent on the part of the testator, Duvall, to require survivorship as a condition precedent to inheritance and that if any of the beneficiaries under her will predeceased her, their portion of the estate is distributed as if they were absent from the will.

On appeal, a divided panel of the Court of Special Appeals affirmed in an unreported opinion, concluding both that Item III imposed survivorship as a condition precedent to inheritance and that it manifested an intent to negate Maryland's anti-lapse statute. Judge James A. Kenney, III dissented, disagreeing with both conclusions and suggesting that the disputed provisions do "nothing more than simply reflect the testator's intent to avoid

2

multiple estates in accordance with the applicable statutes and [do] not impose a period of survivorship on any specific legacy provided for in the Will." *Kelly v. Duvall*, No. 1688, Sept. Term, 2012, Slip Op. at 16 (Md. Ct. Spec. App. Oct. 28, 2013) (Kenney, J., dissenting).

We granted Kelly, Jr.'s Petition for Writ of Certiorari to answer the following questions:

> 1. Whether the lower court erred in construing Item III in a manner inconsistent with Md. Code (1974, 2011 Repl. Vol.), § 4-401 of the Estates and Trusts Article ("ET") and finding that it imposed survivorship as a condition precedent to inheritance under the Will?
>
> 2. Whether the lower court erred in construing Item III and Item IV as demonstrating the Testatrix's contrary intent sufficient to overcome the presumption that Maryland's anti-lapse statute, ET § 4-403 applies?

Agreeing with Judge Kenney, we answer yes to both questions, and shall reverse the judgment of the Court of Special Appeals.

**STANDARD OF REVIEW**

"[T]he findings of fact of an Orphans' Court are entitled to a presumption of correctness." *N.Y. State Library Sch. Ass'n v. Atwater*, 227 Md. 155, 157, 175 A.2d 592, 593 (1961) (citation omitted). But "[t]he lower court's interpretations of law enjoy no presumption of correctness on review: the appellate court must apply the law as it understands it to be." *Rohrbaugh v. Estate of Stern*, 305 Md. 443, 446 n.2, 505 A.2d 113, 115 n.2 (1986) (citations omitted). "Thus, an appellate court, including this Court, must ascertain whether the conclusions of law made by a trial court in the first instance are

'legally correct . . . .'" *Pfeufer v. Cyphers*, 397 Md. 643, 648, 919 A.2d 641, 645 (2007)

(quoting *Banks v. Pusey*, 393 Md. 688, 697, 904 A.2d 448, 454 (2006)).

## DISCUSSION

We are asked to determine whether Items III and IV of Ms. Duvall's Will create a

condition precedent of survivorship under Maryland's testamentary law so that the legatee,

Kelly, Sr.—and, by extension, his heir, Kelly, Jr.—may not inherit under the Will because

he predeceased Ms. Duvall. In so doing, we assess Ms. Duvall's Will in the context of ET

§ 4-401, which provides:

> A legatee, other than his spouse, who fails to survive the
> testator by 30 full days is considered to have predeceased the
> testator, unless the will of the testator expressly creates a
> presumption that the legatee is considered to survive the
> testator or requires that the legatee survives the testator for a
> stated period in order to take under the will and the legatee
> survives for the stated period.

Specifically, we consider whether Items III and IV express an intent to negate Maryland's

anti-lapse statute, as codified in ET § 4-403. This provision states:

> (a) *Death of legatee prior to testator.* — Unless a contrary
> intent is expressly indicated in the will, a legacy may not lapse
> or fail because of the death of a legatee after the execution of
> the will but prior to the death of the testator if the legatee is:
>> (1) Actually and specifically named as legatee;
>> (2) Described or in any manner referred to,
>> designated, or identified as legatee in the will; or
>> (3) A member of a class in whose favor a legacy
>> is made.
>
> (b) *Effect of death of legatee.* — A legacy described in
> subsection (a) of this section shall have the same effect and
> operation in law to direct the distribution of the property
> directly from the estate of the person who owned the property

4

to those persons who would have taken the property if the legatee had died, testate or intestate, owning the property.

Petitioner urges us to read Item III as a mere restatement of ET § 4-401. In line with this reading, he argues that Item III indicates no intent to create a survivorship requirement. Thus, he reasons, Ms. Duvall's expressed intent in the Will was to treat the inheritance of Kelly, Sr., who predeceased Ms. Duvall but was alive at the time of the Will's execution, as a lapsed devise, saved by ET § 4-403. He asserts that no language in Items III or IV indicates an intent to negate the statutory presumption against lapsing.

Respondents disagree, echoing the lower courts and contending that Ms. Duvall's expressed intent in executing the Will was to distribute her estate among her living sons. They argue that Items III and IV must be read in conjunction with the rest of the Will to that end, creating a survivorship requirement. Furthermore, they contend that even in the absence of such a requirement, the Will expresses a contrary intent to the anti-lapse statute.

As we stated in *Pfeufer v. Cyphers*:

> When construing a will, the paramount concern of the court is to ascertain and effectuate the testator's expressed intent. In other words, the search is not for the testator's presumed [intention] but for his *expressed intention*. Generally, that intent is gathered from the four corners of the will, with the words of the will given their plain meaning and import. Words having legal significance, however, will be construed in that sense unless the will clearly indicates otherwise.

397 Md. at 649, 919 A.2d at 645 (emphasis and alteration in original) (internal quotation marks and citations omitted).

## Survivorship Requirement

We turn first to whether the Will expresses an intent to create a survivorship requirement as a condition precedent to inheritance. As a preliminary matter, Item IV contains no language to suggest this is the case. That provision specifically names Kelly, Sr. as the intended beneficiary of Ms. Duvall's home and furnishings and identifies her four sons as residuary legatees. It recites: "I hereby give, devise and bequeath that lot of ground and premises owned by me and located on and more commonly described as 161 Mabel Lane, Severna Park, Anne Arundel County, Maryland 21146, and all household furnishing and contents therein, unto my son, DENNIS J. KELLY, absolutely." It does not—nor does any other language elsewhere in the Will—express a survivorship requirement.

Nor does Item III express a requirement that Kelly, Sr. outlive Ms. Duvall. Indeed, we agree with Petitioner that Item III merely reflects ET § 4-401, which was crafted principally "to avoid multiple administration and taxation of estates." *Bratley v. Suburban Bank*, 68 Md. App. 625, 630, 515 A.2d 236, 239 (1986) (citing Shale D. Stiller & Roger D. Redden, *Statutory Reform in the Administration of Estates of Maryland Decedents, Minors, and Incompetents*, 29 Md. L. Rev. 85 (1969)). Item III largely mirrors the first half of ET § 4-401, reciting that a legatee who fails to survive the testator by 30 days is considered to have predeceased her. Where ET § 4-401 reads, "[a] legatee, other than his spouse, who fails to survive the testator by 30 full days is considered to have predeceased the testator," Item III recites, "[i]f any of the legatee or beneficiary named or described under any provision of my Will does not survive me by a period of thirty (30) days, then

6

all provisions of my Will shall take effect as if such legatee or beneficiary had, in fact, predeceased me." The operative language of the two is indistinguishable. As Judge Kenney wrote in dissent, Item III "reflects the 30 day period of ET Art. § 4-401 during which if a legatee fails to survive the testator, the legatee 'will be considered to have predeceased the testator.'" *Kelly v. Duvall*, No. 1688, Sept. Term, 2012, Slip Op. at 15 (Kenney, J., dissenting).

Because the Will closely tracks the statute's language, we find the Henderson Commission Report's analysis of ET § 4-401 instructive to our construction of Item III.[1] In its comment to ET § 4-401, the Henderson Commission offered four illustrations:

i. "To A, if A survives the testator." Under this type of bequest, A will have to survive the testator by at least 30 full days in order to take the legacy.

ii. "To A, if A survives the testator by 5 days or more." Under this type of provision, if A survives the testator by five days or more but not by thirty days, A will be entitled to the legacy.

iii. "To A, if A survives the testator, but if it cannot be determined whether A survives the testator, A shall be presumed to have survived the testator." Under this provision, A would take the legacy.

iv. "To A." Under this provision, if A survives the testator by less than 30 days, A will be deemed to have predeceased the testator, and the provisions of Section 4-403 will determine whether the legacy has lapsed or not.

---

[1] See Second Report of Governor's Commission to Review and Revise the Testamentary Law of Maryland, Article 93, Decedents' Estates, at 53–54 (Dec. 5, 1968) ("Henderson Commission Report"). The Henderson Commission Report resulted from the work of a committee appointed by Governor Tawes in 1965. *Id.* at i. "The basic thrust of the Second Report is the restatement and recodification of the testamentary law." *Id.*

Ms. Duvall devised her home in Item IV, which reads: "I hereby give, devise and bequeath [my home], and all household furnishing and contents therein, unto my son, DENNIS J. KELLY, absolutely." This devise is the functional equivalent of the fourth example provided by the Henderson Commission. Item IV expresses no conditions and reflects no intent that Kelly, Sr. must outlive his mother to receive under the Will.

Respondents ask this Court to look beyond the Will's language, arguing that Ms. Duvall "included Item III because she wanted her modest estate to be enjoyed by those of her children who survived her. . . . In order to do so, she stated that all bequests were conditional on survivorship by a period of time, and if the person did not meet the condition the effect would be that the bequest was inoperative and would pass through the residuary clause to her own legatees." We are confined, however, to the language of the Will, as the "intention to be sought for is not that which existed in the mind of the testator, but that which is expressed by the language of the will." *Curtis v. Safe Deposit & Trust Co. of Balt.*, 178 Md. 360, 365–66, 13 A.2d 546, 548 (1940) (internal quotation marks and citation omitted). Ms. Duvall's Will contains no language indicative of an intent to condition receipt of the legacy on survivorship.

Because Item III is a mere restatement of ET § 4-401—which is not, itself, a survivorship requirement—and because Item IV operates merely as a simple devise, we conclude that Ms. Duvall's Will did not impose a condition precedent of survivorship for

Kelly, Sr. to continue as legatee. Thus, we turn to ET § 4-403 to determine whether the legacy had lapsed.[2]

### Application Of The Anti-Lapse Statute

As stated *supra*, ET § 4-403 provides that "[u]nless a contrary intent is expressly indicated in the will, a legacy may not lapse or fail because of the death of a legatee after the execution of the will but prior to the death of the testator if the legatee is [a]ctually and specifically named as legatee." Kelly, Sr. was undoubtedly named as a legatee in Item IV. The question, then, is whether Ms. Duvall expressed an intent to negate Maryland's anti-lapse statute.

Maryland's anti-lapse statute "has been liberally construed[ and] expresses a presumed intent of the testator. The presumption may be overcome by expression of a contrary intent in the will, but is supported by the presumption that the will was made in view of the statute." *Mayor of Balt. v. White*, 189 Md. 571, 574–75, 56 A.2d 824, 826 (1948) (citations omitted). Anti-lapse statutes apply "unless [a] testator's intention to exclude its operation is shown with reasonable certainty." William J. Bowe & Douglas H. Parker, *Page on the Law of Wills*, § 50.11, at 95–96 (2005). "Courts often say that in order to overcome the antilapse statute, a will must use 'clear and plain language' to this effect[.]" William M. McGovern, Sheldon F. Kurtz & David M. English, *Wills, Trusts and Estates*,

---

[2] A lapsed devise—which results from a legatee dying after the execution of the will but prior to the testator's death—is distinct from a void or inoperative legacy—which results from a legacy failing prior to execution of the will, such as when the legatee dies prior to the will's execution. *See* William M. McGovern, Sheldon F. Kurtz & David M. English, *Wills, Trusts and Estates*, at 355–56 (4th ed. 2010).

at 360 (4th ed. 2010). One such example is "when the gift is to the legatee or devisee, 'if he survives me.'" Thomas E. Atkinson, *Handbook of the Law of Wills*, at 780 (2d ed. 1953). Similar language may also suffice:

> If a will says "to Alice if she survives me, otherwise to Arthur," Arthur takes rather than Alice's issue, if Alice predeceases the testator. The same result has been reached if the devise is more cryptic, "to Alice and/or Arthur." If the will simply says "to Alice if she survives me," most courts would interpret this to mean the testator did not want the antilapse statute to apply, but the Uniform Probate Code disagrees.
>
> * * *
>
> Recently the Code position was rejected in a code state where the testator had expressed a survivorship contingency multiple times. The court found that the frequent references to survivorship was sufficient to show an intent that the antilapse statute not apply.

McGovern et al., *supra* at 359 (footnotes omitted). As these examples suggest, a contrary intent may be shown by express statement to that effect or by repeated references to survivorship.

Such contrary intent is not present in Ms. Duvall's will. As discussed *supra*, Item III is a mere restatement of ET § 4-401 and expresses no survivorship requirement or contrary intent. Nor does Item IV contain any language that suggests an intent to rebut ET § 4-403. That Item IV contains a residuary clause is not by itself sufficient to express contrary intent. Nor has this Court found any support for the proposition that the use of the word "absolutely" in Kelly, Sr.'s devise expresses an intent contrary to the anti-lapse statute. Indeed, the use of "absolutely" in this Will most likely expresses an intent to execute a fee simple devise. *See, e.g.*, *Barnett v. Barnett*, 117 Md. 265, 268, 83 A. 160,

162 (1912) ("[T]he terms 'absolute,' or 'absolute control,' or 'absolute disposal' have a well-defined signification in testamentary law [and are used] to distinguish a qualified or conditional from a fee-simple estate[.]").

Respondents confuse the issues, conflating and distinguishing § 4-401 and § 4-403 without consistency. They rely on *Allers v. Tittsworth*, 269 Md. 677, 309 A.2d 476 (1973), to support the proposition that Ms. Duvall expressed a contrary intent to the anti-lapse statute, ET § 4-403. That case, however, dealt exclusively with ET § 4-401 and whether it applied retroactively. *Id.* at 678–79, 309 A.2d at 477–78.

Nor does *Rowe v. Rowe*, 124 Md. App. 89, 720 A.2d 1225 (1998), upon which Respondents rely heavily, support the notion that Ms. Duvall's Will clearly expressed a contrary intent. Indeed, in that case, the court found the legacy not to lapse, citing the absence of a specific survivorship provision, the specific identification of both legatees in the residuary clause, and the testator's inaction after the death of a legatee. *Id.* at 100–02, 720 A.2d at 1230–31. Here, the Will identifies Kelly, Sr. as the intended beneficiary of the property referred to in Item III. Without any evidence of a survivorship provision, our case law leads us to the conclusion that Ms. Duvall did not express an intent contrary to Maryland's anti-lapse statute and that ET § 4-403 protects the devise from lapse.[3]

---

[3] Regarding the proper disposition of the residuary of the estate, Item IV and its residuary clause identified the four sons individually, and not as a class, indicating "that she intended them to receive their legacies as individuals." *Rowe v. Rowe*, 124 Md. App. 89, 101, 720 A.2d 1225, 1231 (1998). Thus, Kelly, Jr. qualifies for one-quarter of the residuary of the estate.

**CONCLUSION**

In conclusion, we hold that Item III of the Will only reinforces ET § 4-401 and is not a condition precedent of survivorship. Therefore, this devise must be considered in light of Maryland's anti-lapse statute. Because there is no express indication of contrary intent, ET § 4-403 shields this devise from lapse, permitting Kelly, Jr. to inherit. Accordingly, we reverse the judgment of the Court of Special Appeals.

> **JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY TO VACATE ITS JUDGMENT IN FAVOR OF RESPONDENTS AND TO ENTER JUDGMENT CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY RESPONDENTS.**

Circuit Court for Anne Arundel County
Case No. 02-C-12-170592

Argued: November 7, 2014

IN THE COURT OF APPEALS

OF MARYLAND

No. 26

September Term, 2014

_____

DENNIS J. KELLY, JR.

v.

GEORGE W. DUVALL, JR., ET AL.

_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Dissenting Opinion by Watts, J., which
Battaglia, J., joins

_____

Filed: January 27, 2015

Respectfully, I dissent. I would dismiss the case for *certiorari* having been improvidently granted because review is not "necessary to secure uniformity of decision," nor are there "other special circumstances rendering it desirable and in the public interest that the decision be reviewed." Md. Code Ann., Cts. & Jud. Proc. (1973, 2013 Repl. Vol.) § 12-305. Alternatively, I affirm the judgment of the Court of Special Appeals.

This case boils down to effectuating the intent of Elizabeth Duvall ("Mrs. Duvall"), the testatrix, to have her four children inherit as expressed in her Last Will and Testament ("the Will"). The Will's plain language makes clear that Mrs. Duvall wanted her four children—George W. Duvall, Jr., Alfred N. Kelly, David M. Kelly, and Dennis J. Kelly, Sr.—to inherit and that she did not intend to provide for any legatees beyond the four children. Indeed, neither Petitioner, Dennis J. Kelly Jr., a grandson whom Mrs. Duvall presumably knew when she executed the Will, nor any legatees beyond her four children are mentioned anywhere in the Will. In the Will, Mrs. Duvall expressly left her home and all of its contents to Dennis J. Kelly, Sr., and "g[a]ve, devise[d], and bequeath[ed]" "[a]ll the rest, residue and remainder of [her] estate and property" to her four children "to share and share alike, in equal shares."

In Item III, the Will states: "If any of the legatee or beneficiary named or described under any provision of my Will does not survive me by a period of thirty (30) days, then all provisions of my Will shall take effect as if such legatee or beneficiary had, in fact, predeceased me." In other words, the Will conditioned inheritance on survivorship; *i.e.*, a legatee must have survived Mrs. Duvall by more than thirty days to inherit. If not, then all other provisions of the Will would take effect. There is no language whatsoever in the Will

providing for anyone or any legatee besides Mrs. Duvall's four children if one of the children did not survive Mrs. Duvall for at least thirty days; *i.e.*, other than the intent that Dennis J. Kelly, Sr. inherit Mrs. Duvall's home and that her four children "share and share alike," the Will is absolutely silent as to the disposition of Mrs. Duvall's estate.

Because the Will specifically conditions inheritance on the named legatees' survivorship, the bequest to Dennis J. Kelly, Sr., who predeceased Mrs. Duvall, is inoperative. See Equitable Trust Co. v. Smith, 26 Md. App. 204, 209, 337 A.2d 205, 208 (1975) ("A legacy is 'inoperative' when it is 'To A, if A survives the testator', but in fact A does not survive the testator.").

Significantly, however, the Will does not mention the anti-lapse statute, Md. Code Ann., Est. & Trusts (1974, 2011 Repl. Vol.) ("ET") § 4-403,[1] and does not evince any intent to have ET § 4-403 take effect upon any legatee's death. Nonetheless, the Majority

---

[1]For reference, ET § 4-403 provides, in relevant part:

(a) Death of legatee prior to testator. — Unless a contrary intent is expressly indicated in the will, a legacy may not lapse or fail because of the death of a legatee after the execution of the will but prior to the death of the testator if the legatee is:

(1) Actually and specifically named as legatee;
(2) Described or in any manner referred to, designated, or identified as legatee in the will; or
(3) A member of a class in whose favor a legacy is made.

(b) Effect of death of legatee. — A legacy described in subsection (a) of this section shall have the same effect and operation in law to direct the distribution of the property directly from the estate of the person who owned the property to those persons who would have taken the property if the legatee had died, testate or intestate, owning the property.

determines that Item III "largely mirrors" the first half of ET § 4-401[2] and that, because Item III "closely tracks" ET § 4-401's language, Illustration iv of the Henderson Commission's Report—which provides that ET § 4-403 "determine[s] whether the legacy has lapsed or not"—is instructive.  Maj. Slip Op. at 6-7.  I disagree.  Because the Will's language does not fully embody ET § 4-401 or even reference ET § 4-403 (the anti-lapse statute) and, most importantly, because a contrary intent is expressed, this case is, in my view, a poor vehicle for interpreting the Henderson Commission's Report and its interplay with ET § 4-403.  Here, in actuality, the Will's language contradicts ET § 4-403 because it expressly conditions survivorship as a prerequisite to inheritance, *i.e.*, named legatees who do not survive Mrs. Duvall do not inherit.  As a result, the Will makes clear that Mrs. Duvall intended for her surviving children, and no one else, to inherit.

Certainly, the opportunity for the Court to comment on the Henderson Commission's Report will validly present itself in another case.  Under these circumstances, however, I would not override Mrs. Duvall's clear intent as expressed in the Will and read ET § 4-403 into the Will.  Rather, I would dismiss or affirm the judgment

---

[2]For reference, ET § 4-401 provides:

A legatee, other than his spouse, who fails to survive the testator by 30 full days is considered to have predeceased the testator, unless the will of the testator expressly creates a presumption that the legatee is considered to survive the testator or requires that the legatee survives the testator for a stated period in order to take under the will and the legatee survives for the stated period.

- 3 -

of the Court of Special Appeals, and reach the just result for Mrs. Duvall and her children.

For all of the reasons above, I, respectfully, dissent.

Judge Battaglia has authorized me to state that she joins in this opinion.