ADKINS, J.
The common law is no stranger to familial disputes born of contested inheritance. In this case, we are asked to interpret a mother’s will and determine its relationship to Maryland’s statutory testamentary law. Specifically, we must ascertain whether the testator intended to create a condition precedent to her son’s inheritance, and if not, whether she intended to rebut the State’s statutory anti-lapse presumption.
FACTS AND PROCEEDINGS
This case arises from two disputed provisions in the Last Will and Testament of Elizabeth Duvall (the “Will”), which Ms. Duvall executed on May 17, 2001. In part, the Will provides:
*278 ITEM III.
If any of the legatee or beneficiary named or described under any provision of my Will does not survive me by a period of thirty (30) days, then all provisions of my Will shall take effect as if such legatee or beneficiary had, in fact, predeceased me.
ITEM IV.
A. Specific Bequests:
(1) I hereby give, devise and bequeath that lot of ground and premises owned by me and located on and more commonly described as 161 Mabel Lane, Severna Park, Anne Arundel County, Maryland 21146, and all household furnishing and contents therein, unto my son, DENNIS J. KELLY, absolutely.
B. Rest and Residue:
All the rest, residue and remainder of my estate and property, real, leasehold, personal or mixed, of all kinds, nature and description, and wheresoever situate, I do hereby give, devise and bequeath unto my children, GEORGE W. DUVALL, JR., ALFRED N. KELLY, DENNIS J. KELLY and DAVID M. KELLY, to share and share alike, in equal shares.
Ms. Duvall’s death on April 16, 2011, and the death of her son, Dennis J. Kelly, Sr., only weeks earlier set in motion this conflict over the proper disposition of her estate. On November 15, 2011, Respondents Alfred Kelly, David Kelly, and George Duvall filed a Petition for Construction of Ms. Duvall’s Will in the Orphans’ Court for Anne Arundel County, urging the court to “find that the Will leaves the assets of the estate to [Ms. Duvall’s] living children only.” Petitioner Dennis J. Kelly, Jr.—Kelly, Sr.’s heir—responded, contending that the house and its contents should pass to the estate of Kelly, Sr., and that his heirs are entitled to one-quarter of Ms. Duvall’s residuary estate.
The Orphans’ Court ruled in favor of the surviving sons, concluding that “the Estate should be distributed to the three surviving children named in item IV” of Ms. Duvall’s Will. *279 Kelly, Jr. appealed to the Circuit Court for Anne Arundel County, which affirmed the judgment of the Orphans’ Court. It reasoned:
The inclusion of Item III establishes intent on the part of the testator, Duvall, to require survivorship as a condition precedent to inheritance and that if any of the beneficiaries under her will predeceased her, their portion of the estate is distributed as if they were absent from the will.
On appeal, a divided panel of the Court of Special Appeals affirmed in an unreported opinion, concluding both that Item III imposed survivorship as a condition precedent to inheritance and that it manifested an intent to negate Maryland’s anti-lapse statute. Judge James A. Kenney, III dissented, disagreeing with both conclusions and suggesting that the disputed provisions do “nothing more than simply reflect the testator’s intent to avoid multiple estates in accordance with the applicable statutes and [do] not impose a period of survivorship on any specific legacy provided for in the Will.” Kelly v. Duvall, No. 1688, Sept. Term, 2012, Slip Op. at 16 (Md.Ct.Spec.App. Oct. 28, 2013) (Kenney, J., dissenting).
We granted Kelly, Jr.’s Petition for Writ of Certiorari to answer the following questions:
1. Whether the lower court erred in construing Item III in a manner inconsistent with Md.Code (1974, 2011 Repl. Vol.), § 4-401 of the Estates and Trusts Article (“ET”) and finding that it imposed survivorship as a condition precedent to inheritance under the Will?
2. Whether the lower court erred in construing Item III and Item IV as demonstrating the Testatrix’s contrary intent sufficient to overcome the presumption that Maryland’s anti-lapse statute, ET § 4-403 applies?
Agreeing with Judge Kenney, we answer yes to both questions, and shall reverse the judgment of the Court of Special Appeals.
*280 STANDARD OF REVIEW
“[T]he findings of fact of an Orphans’ Court are entitled to a presumption of correctness.” N.Y. State Library Sch. Ass’n v. Atwater, 227 Md. 155, 157, 175 A.2d 592, 593 (1961) (citation omitted). But “[t]he lower court’s interpretations of law enjoy no presumption of correctness on review: the appellate court must apply the law as it understands it to be.” Rokrbaugh v. Estate of Stern, 305 Md. 443, 446 n. 2, 505 A.2d 113, 115 n. 2 (1986) (citations omitted). “Thus, an appellate court, including this Court, must ascertain whether the conclusions of law made by a trial court in the first instance are ‘legally correct....’”Pfeufer v. Cyphers, 397 Md. 643, 648, 919 A.2d 641, 645 (2007) (quoting Banks v. Pusey, 393 Md. 688, 697, 904 A.2d 448, 454 (2006)).
DISCUSSION
We are asked to determine whether Items III and IV of Ms. Duvall’s Will create a condition precedent of survivorship under Maryland’s testamentary law so that the legatee, Kelly, Sr.—and,, by extension, his heir, Kelly, Jr.—may not inherit under the Will because he predeceased Ms. Duvall. In so doing, we assess Ms. Duvall’s Will in the context of ET § 4-401, which provides:
A legatee, other than his spouse, who fails to survive the testator by 30 full days is considered to have predeceased the testator, unless the will of the testator expressly creates a presumption that the legatee is considered to survive the testator or requires that the legatee survives the testator for a stated period in order to take under the will and the legatee survives for the stated period.
Specifically, we consider whether Items III and IV express an intent to negate Maryland’s anti-lapse statute, as codified in ET § 4-403. This provision states:
(a) Death of legatee prior to testator.—Unless a contrary intent is expressly indicated in the will, a legacy may not lapse or fail because of the death of a legatee after the *281 execution of the will but prior to the death of the testator if the legatee is:
(1) Actually and specifically named as legatee;
(2) Described or in any manner referred to, designated,
or identified as legatee in the will; or
(3) A member of a class in whose favor a legacy is made, (b) Effect of death of legatee.—A legacy described in subsection (a) of this section shall have the same effect and operation in law to direct the distribution of the property directly from the estate of the person who owned the property to those persons who would have taken the property if the legatee had died, testate or intestate, owning the property.
Petitioner urges us to read Item III as a mere restatement of ET § 4-401. In line with this reading, he argues that Item III indicates no intent to create a survivorship requirement. Thus, he reasons, Ms. Duvall’s expressed intent in the Will was to treat the inheritance of Kelly, Sr., who predeceased Ms. Duvall but was alive at the time of the Will’s execution, as a lapsed devise, saved by ET § 4-403. He asserts that no language in Items III or IV indicates an intent to negate the statutory presumption against lapsing.
Respondents disagree, echoing the lower courts and contending that Ms. Duvall’s expressed intent in executing the Will was to distribute her estate among her living sons. They argue that Items III and IV must be read in conjunction with the rest of the Will to that end, creating a survivorship requirement. Furthermore, they contend that even in the absence of such a requirement, the Will expresses a contrary intent to the anti-lapse statute.
As we stated in Pfeufer v. Cyphers:
When construing a will, the paramount concern of the court is to ascertain and effectuate the testator’s expressed intent. In other words, the search is not for the testator’s presumed [intention] but for his expressed intention. Generally, that intent is gathered from the four corners of the will, with the words of the will given their plain meaning and import. *282 Words having legal significance, however, will be construed in that sense unless the will clearly indicates otherwise.
397 Md. at 649, 919 A.2d at 645 (emphasis and alteration in original) (internal quotation marks and citations omitted).
Survivorship Requirement
We turn first to whether the Will expresses an intent to create a survivorship requirement as a condition precedent to inheritance. As a preliminary matter, Item IV contains no language to suggest this is the case. That provision specifically names Kelly, Sr. as the intended beneficiary of Ms. Duvall’s home and furnishings and identifies her four sons as residuary legatees. It recites: “I hereby give, devise and bequeath that lot of ground and premises owned by me and located on and more commonly described as 161 Mabel Lane, Severna Park, Anne Arundel County, Maryland 21146, and all household furnishing and contents therein, unto my son, DENNIS J. KELLY, absolutely.” It does not—nor does any other language elsewhere in the Will—express a survivorship requirement.
Nor does Item III express a requirement that Kelly, Sr. outlive Ms. Duvall. Indeed, we agree with Petitioner that Item III merely reflects ET § 4-401, which was crafted principally “to avoid multiple administration and taxation of estates.” Bratley v. Suburban Bank, 68 Md.App. 625, 630, 515 A.2d 236, 239 (1986) (citing Shale D. Stiller & Roger D. Redden, Statutory Reform in the Administration of Estates of Maryland Decedents, Minors, and Incompetents, 29 Md.L.Rev. 85 (1969)). Item III largely mirrors the first half of ET § 4-401, reciting that a legatee who fails to survive the testator by 30 days is considered to have predeceased her. Where ET § 4-401 reads, “[a] legatee, other than his spouse, who fails to survive the testator by 30 full days is considered to have predeceased the testator,” Item III recites, “[i]f any of the legatee or beneficiary named or described under any provision of my Will does not survive me by a period of thirty (30) days, then all provisions of my Will shall take effect as if such legatee or beneficiary had, in fact, predeceased me.” *283 The operative language of the two is indistinguishable. As Judge Kenney wrote in dissent, Item III “reflects the 30 day period of ET Art. § 4-401 during which if a legatee fails to survive the testator, the legatee ‘will be considered to have predeceased the testator.’ ” Kelly v. Duvall, No. 1688, Sept. Term, 2012, Slip Op. at 15 (Kenney, J., dissenting).
Because the Will closely tracks the statute’s language, we And the Henderson Commission Report’s analysis of ET § 4-401 instructive to our construction of Item III.[1] In its comment to ET § 4-401, the Henderson Commission offered four illustrations:
i. “To A, if A survives the testator.” Under this type of bequest, A will have to survive the testator by at least 30 full days in order to take the legacy.
ii. “To A, if A survives the testator by 5 days or more.” Under this type of provision, if A survives the testator by five days or more but not by thirty days, A will be entitled to the legacy.
iii. “To A, if A survives the testator, but if it cannot be determined whether A survives the testator, A shall be presumed to have survived the testator.” Under this provision, A would take the legacy.
iv. “To A.” Under this provision, if A survives the testator by less than 30 days, A will be deemed to have predeceased the testator, and the provisions of Section 4-403 will determine whether the legacy has lapsed or not.
Ms. Duvall devised her home in Item IV, which reads: “I hereby give, devise and bequeath [my home], and all household furnishing and contents therein, unto my son, DENNIS *284 J. KELLY, absolutely.” This devise is the functional equivalent of the fourth example provided by the Henderson Commission. Item IV expresses no conditions and reflects no intent that Kelly, Sr. must outlive his mother to receive under the Will.
Respondents ask this Court to look beyond the Will’s language, arguing that Ms. Duvall “included Item III because she wanted her modest estate to be enjoyed by those of her children who survived her.... In order to do so, she stated that all bequests were conditional on survivorship by a period of time, and if the person did not meet the condition the effect would be that the bequest was inoperative and would pass through the residuary clause to her own legatees.” We are confined, however, to the language of the Will, as the “intention to be sought for is not that which existed in the mind of the testator, but that which is expressed by the language of the will.” Curtis v. Safe Deposit & Trust Co. of Balt., 178 Md. 360, 365-66, 13 A.2d 546, 548 (1940) (internal quotation marks and citation omitted). Ms. Duvall’s Will contains no language indicative of an intent to condition receipt of the legacy on survivorship.
Because Item III is a mere restatement of ET § 4-401— which is not, itself, a survivorship requirement—and because Item IV operates merely as a simple devise, we conclude that Ms. Duvall’s Will did not impose a condition precedent of survivorship for Kelly, Sr. to continue as legatee. Thus, we turn to ET § 4-403 to determine whether the legacy had lapsed.[2]
Application Of The Anti-Lapse Statute
As stated supra, ET § 4^03 provides that “[u]nless a contrary intent is expressly indicated in the will, a legacy may *285 not lapse or fail because of the death of a legatee after the execution of the will but prior to the death of the testator if the legatee is [ajetually and specifically named as legatee.” Kelly, Sr. was undoubtedly named as a legatee in Item IV. The question, then, is whether Ms. Duvall expressed an intent to negate Maryland’s anti-lapse statute.
 Maryland’s anti-lapse statute “has been liberally construed [and] expresses a presumed intent of the testator. The presumption may be overcome by expression of a contrary intent in the will, but is supported by the presumption that the will was made in view of the statute.” Mayor of Balt. v. White, 189 Md. 571, 574-75, 56 A.2d 824, 826 (1948) (citations omitted). Anti-lapse statutes apply “unless [a] testator’s intention to exclude its operation is shown with reasonable certainty.” William J. Bowe & Douglas H. Parker, Page on the Law of Wills, § 50.11, at 95-96 (2005). “Courts often say that in order to overcome the antilapse statute, a will must use ‘clear and plain language’ to this effect[.]” William M. McGovern, Sheldon F. Kurtz & David M. English, Wills, Trusts and Estates, at 360 (4th ed.2010). One such example is “when the gift is to the legatee or devisee, ‘if he survives me.’ ” Thomas E. Atkinson, Handbook of the Law of Wills, at 780 (2d ed.1953). Similar language may also suffice:
If a will says “to Alice if she survives me, otherwise to Arthur,” Arthur takes rather than Alice’s issue, if Alice predeceases the testator. The same result has been reached if the devise is more cryptic, “to Alice and/or Arthur.” If the will simply says “to Alice if she survives me,” most courts would interpret this to mean the testator did not want the antilapse statute to apply, but the Uniform Probate Code disagrees.
Recently the Code position was rejected in a code state where the testator had expressed a survivorship contingency multiple times. The court found that the frequent references to survivorship was sufficient to show an intent that the antilapse statute not apply.
*286 McGovern et al., supra at 359 (footnotes omitted). As these examples suggest, a contrary intent may be shown by express statement to that effect or by repeated references to survivor-ship.
Such contrary intent is not present in Ms. Duvall’s will. As discussed supra, Item III is a mere restatement of ET § 4-401 and expresses no survivorship requirement or contrary intent. Nor does Item IV contain any language that suggests an intent to rebut ET § 4-403. That Item IV contains a residuary clause is not by itself sufficient to express contrary intent. Nor has this Court found any support for the proposition that the use of the word “absolutely” in Kelly, Sr.’s devise expresses an intent contrary to the anti-lapse statute. Indeed, the use of “absolutely” in this Will most likely expresses an intent to execute a fee simple devise. See, e.g., Barnett v. Barnett, 117 Md. 265, 268, 83 A. 160, 162 (1912) (“[T]he terms ‘absolute,’ or ‘absolute control,’ or ‘absolute disposal’ have a well-defined signification in testamentary law [and are used] to distinguish a qualified or conditional from a fee-simple estate[J”).
Respondents confuse the issues, conflating and distinguishing § 4-401 and § 4-403 without consistency. They rely on Allers v. Tittsworth, 269 Md. 677, 309 A.2d 476 (1973), to support the proposition that Ms. Duvall expressed a contrary intent to the anti-lapse statute, ET § 4-403. That case, however, dealt exclusively with ET § 4—401 and whether it applied retroactively. Id. at 678-79, 309 A.2d at 477-78.
Nor does Rowe v. Rowe, 124 Md.App. 89, 720 A.2d 1225 (1998), upon which Respondents rely heavily, support the notion that Ms. Duvall’s Will clearly expressed a contrary intent. Indeed, in that case, the court found the legacy not to lapse, citing the absence of a specific survivorship provision, the specific identification of both legatees in the residuary clause, and the testator’s inaction after the death of a legatee. Id. at 100-02, 720 A.2d at 1230-31. Here, the Will identifies Kelly, Sr. as the intended beneficiary of the property referred to in Item III. Without any evidence of a survivorship provi *287 sion, our case law leads us to the conclusion that Ms. Duvall did not express an intent contrary to Maryland’s anti-lapse statute and that ET § 4-403 protects the devise from lapse.[3]
CONCLUSION
In conclusion, we hold that Item III of the Will only reinforces ET § 4—401 and is not a condition precedent of survivorship. Therefore, this devise must be considered in light of Maryland’s anti-lapse statute. Because there is no express indication of contrary intent, ET § 4-403 shields this devise from lapse, permitting Kelly, Jr. to inherit. Accordingly, we reverse the judgment of the Court of Special Appeals.
JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY TO VACATE ITS JUDGMENT IN FAVOR OF RESPONDENTS AND TO ENTER JUDGMENT CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY RESPONDENTS.
BATTAGLIA and WATTS, JJ., dissent.

. See Second Report of Governor's Commission to Review and Revise the Testamentary Law of Maryland, Article 93, Decedents’ Estates, at 53-54 (Dec. 5, 1968) ("Henderson Commission Report”). The Henderson Commission Report resulted from the work of a committee appointed by Governor Tawes in 1965. Id. at i. "The basic thrust of the Second Report is the restatement and recodification of the testamentary law.” Id.

. A lapsed devise—which results from a legatee dying after the execution of the will but prior to the testator's death—is distinct from a void or inoperative legacy—which results from a legacy failing prior to execution of the will, such as when the legatee dies prior to the will's execution. See William M. McGovern, Sheldon F. Kurtz & David M. English, Wills, Trusts and Estates, at 355-56 (4th ed.2010).

. Regarding the proper disposition of the residuary of the estate, Item IV and its residuary clause identified the four sons individually, and not as a class, indicating “that she intended them to receive their legacies as individuals.” Rowe v. Rowe, 124 Md.App. 89, 101, 720 A.2d 1225, 1231 (1998). Thus, Kelly, Jr. qualifies for one-quarter of the residuary of the estate.